Eugene **EISLER** and Elizabeth Eisler

v.

Nathan **STRITZLER.**

Civ. No. 772–67.

United States District Court
D. Puerto Rico.
July 12, 1968.

Harry E. Woods, Santurce, P. R., for plaintiffs.

Julian O. McConnie, Jr., McConnie, Canales & Ferrer, San Juan, P. R., for defendant.

ORDER

FERNANDEZ-BADILLO, District Judge.

This case is now before the Court on defendant's motion to set aside default judgment. It should be noted at the outset that both movant and plaintiffs have erred in consistently referring to the problem as one of relief from a judgment by default when all that is involved here is an entry of default by the Clerk on January 9, 1968. As well stated by Moore "a court might feel justified in setting aside a default on a showing that

**28**

would not move it to set aside a default judgment [1]."

■■ Default, as distinguished from default judgment, may be set aside for good cause shown. Kulakowich v. A/S Borgestad (D.C.Pa.1964) 36 F.R.D. 185. A party seeking to vacate a default judgment must make a factual showing that its failure to answer was due to mistake, inadvertence, surprise or excusable neglect (Rule 60(b) F.R.Civ.P.

Plaintiffs, misguided by their belief that default judgment had been entered, allege in their opposition that "defendant's motion to open his default is legally insufficient under Rule 60(b) of the Federal Rules of Civil Procedure, as none of the legal grounds set forth therein as grounds for opening defaults are claimed by defendant herein". (Emphasis supplied)

■■ As previously noted, the Court must dispose of a motion to set aside an entry of default in this case. Therefore, a showing of good cause under Rule 55(c) must be made in order to sustain said motion. Whether or not good cause exists is a matter lying within the sound discretion of the court. Judicial discretion is exercised with due regard to the peculiar facts and circumstances surrounding each case.

■ The facts in the instant case show that on November 28, 1967 defendant was granted an extension of 30 days to plead or otherwise defend from the complaint filed against him on November 6, 1967. On January 10, 1968 attorneys for defendant filed a second motion requesting a 15 day extension to plead on the ground that their client, defendant Nathan Stritzler, had been and was at that moment absent from Puerto Rico due to the Christmas holidays and to sickness in the family. No action was taken on this motion since default had already been entered the day before.

Nonetheless, plaintiffs filed an opposition to such an extension, asserting erroneously that default judgment had been entered on January 9, 1968. The following day, attorneys for defendant having been informed by attorneys for plaintiff that default judgment had been entered, brought the present motion to vacate said judgment on January 19, 1968. That is, defendant moved to set aside default exactly one day after learning of this fact from plaintiffs. This motion, accompanied by an affidavit of defendant giving the dates and flight numbers in which he left and returned to Puerto Rico, and a supplementary motion dated February 2, 1968 essentially set forth the same reasons as stated before in defendant's second extension to answer, to wit, that Mr. Stritzler was absent from Puerto Rico from December 28, 1967 until January 11, 1968 due to the Christmas holidays and to sickness in the family. His answer was received and tendered on January 23, 1968. It is a lengthy answer which includes a counterclaim for $511,281.00 based on malicious defamation and payment of a debt.

This is a case involving substantial sums. The complaint demands judgment in the amount of $85,000; the counterclaim seeks a $511,281 award. The Court is of the view that such matters should be determined on the merits, especially in a case like the present one where defendant acted immediately upon knowledge that he was in default. Defendant has alleged a complete defense on the merits and has complied, in this Court's opinion, with the requirement of good cause. Furthermore, plaintiffs will not be substantially prejudiced by the setting aside of the entry of default.

Accordingly, it is ordered, adjudged and decreed that defendant's motion to vacate default judgment, considered by the Court as a motion to set aside entry of default, is hereby granted.

1. 6 Moore's Federal Practice § 55.10(2) p. 1831.