**Wanda PHILLIPS and Chester Phillips, Plaintiffs,**

**v.**

**Stephen R. WEINER and Connecticut General Life Insurance Company, Defendants.**

Civ. No. 84–0257–P.

United States District Court, D. Maine.

Oct. 11, 1984.

Ralph I. Lancaster, Jr., Andrea L. Cianchette, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for plaintiffs.

Eve H. Cimmet, Harrison L. Richardson, Richardson, Tyler & Troubh, Portland, Me., for defendants.

### MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

This case comes before the Court on Defendants' Motion to Set Aside Default and Plaintiffs' Application for Default Judgment by Court Pursuant to Fed.R. Civ.P. 55(b). On August 16, 1984, Plaintiffs filed a complaint alleging that, as a result of the negligence of Defendants, Plaintiff Wanda Phillips was kidnapped from the Maine Mall parking lot in South Portland, robbed and repeatedly raped and sodomized at knifepoint. Service of the complaint was accepted on behalf of the Defendants by Walter E. Webber, Esq., of Portland on August 17, 1984. On September 7, 1984, the twenty-first day after service of the complaint, Plaintiffs moved for entry of default, and default was accordingly entered by the Clerk against Defendants "for failure to plead or otherwise defend." Also on September 7, 1984, Defendants filed a Motion for Leave to File Late Answer. On September 11, 1984, Defendants filed a Motion to Set Aside Default and submitted an Answer to Plaintiffs' Complaint, and Plaintiffs filed an Application for Default Judgment by Court Pursuant to Fed.R.Civ.P. 55(b). The parties have filed memoranda in support of their respective positions and have agreed to submit the pending motions to the Court for decision on the papers.

Fed.R.Civ.P. 12(a) requires a defendant to serve his answer within twenty

days after service of the summons and complaint upon him. Rule 55(a) sets forth the consequences for failure to file an answer within twenty days:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

Entry of default is to be distinguished from judgment by default. Judgment by default is governed by Fed.R.Civ.P. 55(b). Entry of default is merely "an interlocutory step that is taken under Rule 55(a) in anticipation of a final judgment by default under Rule 55(b)." 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure*, § 2692 at 465 (2d ed. 1983). In sharp contrast, a final default judgment cannot be entered until the measure of recovery has been ascertained, and, unlike the entry of default, a default judgment is a final disposition of the case. *Id.*

Fed.R.Civ.P. 55(c) sets forth the procedure for setting aside default:

> For good cause shown, the Court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

The rule differentiates the standard for setting aside an entry of default from the standard for setting aside a judgment by default. A request for relief from a default judgment implicates the standards for relief under Rule 60(b). In contrast, an entry of default may be set aside "for good cause." The "good cause" standard for relief is more liberal than the standards under Rule 60(b). *Sonus Corporation v. Matsushita Electric Industrial Company, Ltd.*, 61 F.R.D. 644, 647 (D.Mass.1974); 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure*, § 2692 at 471. This difference is justified by the fact that

mere entry of default by the clerk does not represent a final judgment.

■ A motion under Rule 55(c) to set aside an entry of default is addressed to the Court's discretion. *Cf. American & Foreign Insurance Association v. Commercial Insurance Co.*, 575 F.2d 980, 982 (1st Cir.1978) (motion to set aside default judgment is addressed to discretion of trial court). The Court's discretion is to be exercised in light of the particular circumstances in the individual case. *Eisler v. Stritzer*, 45 F.R.D. 27, 28 (D.P.R.1968); 10 C. Wright, A. Miller & M. Kane, *supra*, § 2696 at 515.

■ The courts generally determine motions to set aside a default based upon the following three considerations: (1) the excuse or explanation for the default, *see Carignan v. United States*, 48 F.R.D. 323, 325 (D.Mass.1969); (2) the existence of a meritorious defense to the action, *Williams v. Ward*, 556 F.2d 1143, 1149 (2d Cir.1977); and (3) the existence of any substantial prejudice to the party not in default. *Nash v. Signore*, 90 F.R.D. 93, 95 (E.D.Pa.1981). *See also* 10 C. Wright, A. Miller, & M. Kane, *supra*, § 2692 at 470–71. Other considerations that the Court may take into account are whether a substantial sum of money is involved, *Eisler v. Stritzer*, 45 F.R.D. 27, 28 (D.P.R.1968); 10 C. Wright, A. Miller, & M. Kane, *supra*, § 2693 at 482, the good faith or lack thereof of the parties, 10 C. Wright, A. Miller, & M. Kane, *supra*, § 2693 at 486–89, and the timing of the motion to set aside the default, *Eisler*, 45 F.R.D. at 28; 10 C. Wright, A. Miller, & M. Kane, *supra*, § 2698 at 533–34. Based upon all these considerations, the Court has determined that the entry of default is to be set aside and Plaintiffs' Application for Default Judgment is to be denied.

There is no dispute in this case that Walter E. Webber, Esq. accepted service of the complaint on August 17, 1984.[1] De-

---

1. Attorney Webber accepted service of the Complaint "on behalf of the defendants named therein." Defendants concede that Defendant Stephen Weiner was served on August 17, 1984, but, as of the date they filed their Memorandum of Law in Support of Defendant's Motion to Set Aside Default, they had "received no word that the other Defendant has been served." This statement appears to contradict the acceptance of service by Attorney Webber. In any event,

fendants have submitted an affidavit of Mary McKeon, Claims Manager of the Insurance Company of North America/Aetna. Ms. McKeon stated that the Defendants are claiming coverage under a policy with INA/Aetna. She stated that the complaint was received by the insurance company on August 21, 1984. Her explanation of what subsequently happened to the complaint follows:

7. In accordance with routine business procedures, Supervisor Ed Murphy read it and marked it with a "P" which indicated a need to have the file pulled for further action.

8. The file clerks responsible for such matters, three of whom are brand new to the department and unfamiliar with procedures, either did not recognize the need to have the file returned immediately to Mr. Murphy or simply misfiled the Complaint in a non-priority section.

9. The Complaint, instead of being put in the place for matters requiring additional immediate attention, was put in a "holding" box to be handled by Claim Representative Gordon Keenan, to whom this particular case had been assigned.

10. By the time the Complaint reached Mr. Keenan's "holding" box, he had already begun his vacation time.

11. He did not return to the office until September 6, 1984.

12. Upon his return to the office, at some time on September 6, 1984, he began to go through the materials that had accumulated during his absence.

13. He did not reach this particular Complaint until 4:30 P.M. on September 7, 1984.

14. Upon finding the Complaint, and realizing it had been misfiled and delayed, he immediately reported it to me and we immediately telephoned the law firm of Richardson, Tyler & Troubh.

September 7, 1984, was the twenty-first day after service of the complaint. At 4:12 P.M. on that date, Plaintiffs filed a Motion for Entry of Default, and default was entered by the deputy clerk. At 5:05 P.M. on September 7, Defendants filed their Motion for Leave to File Late Answer. In their motion, Defendants stated that their attorney first learned of the action by a telephone call received very late on the afternoon of September 7, 1984. Defendants stated that their counsel had not received a copy of the complaint or summons and requested an enlargement of time to file an answer until September 11, 1984. On September 11, 1984, Defendants filed a memorandum of law in support of their motion to set aside the entry of default. On that same date, Defendants submitted to the clerk an Answer to Plaintiffs' Complaint. The Clerk accepted it for the Court's consideration but not as an official filing since default had been entered.

Defendants' excuse for having failed to respond to the complaint within twenty days, as set forth in the affidavit of Mary McKeon quoted at length above, is not a strong one. Plaintiffs correctly point out that Ms. McKeon's affidavit leaves many unanswered questions as to how it came about that the insurance company failed to promptly notify counsel about the action. It is apparent that the insurance company's faulty procedures for handling complaints, rather than any neglect of counsel, were to blame for Defendant's failure to file a timely answer.

■ Plaintiffs urge the Court to utilize the standard of "excusable neglect" applied to motions brought pursuant to Fed.R. Civ.P. 60(b)(1) in this case under Rule 55(c). See, e.g., *Picucci v. Town of Kittery,* 101 F.R.D. 767 (D.Me.1984); *Greene v. Union Mutual Life Insurance Co.,* 102 F.R.D. 598 (D.Me.1984). Assuming that the same standard of neglect would be applied to a

---

Defendants do not appear to be arguing that any possible failure to serve Defendant Connecticut General Life Insurance Company should have any impact on the Court's decision whether to set aside the entry of default.

party's insurer as has been applied to counsel, the Court would not hesitate to find that the insurer's neglect in this case does not rise to the level of "excusable neglect" for the purposes of Rule 60(b)(1).

However, the standards for relief from judgment under Rule 60(b) do not apply to a motion to set aside an entry of default under Rule 55(c). Rule 60(b) standards apply only if *judgment* by default has been entered. Fed.R.Civ.P. 55(c). A court may set aside an *entry* of default for "good cause." *Id.* Although the criteria set forth in Rule 60(b) may be relevant to the determination of the presence of "good cause," *Spica v. Garczynski,* 78 F.R.D. 134, 135 (E.D.Pa.1978), the standard for relief for "good cause" under Rule 55(c) is more liberal than the standard for relief from judgment under Rule 60(b). *Sonus v. Matsushita Electric, Industrial Company, Ltd.,* 61 F.R.D. 644, 647 (D.Mass.1974).

It is true that the Court has a great deal of discretion in determining whether to set aside an entry of default under Rule 55(c). At this point, however, the Court deems it inappropriate to apply a standard as strict as that applied for determining whether neglect is "excusable" under Rule 60(b)(1). The circumstances that mandated the enforcement of a strict standard of excusable neglect with respect to violations of Local Rule 19(c) simply are not present with respect to Rule 55(c). The high incidence of violations of Local Rule 19(c) prompted the Court to observe that "the requirements of Local Rule 19(c) are more honored in the breach than in their observance." *Gideon v. Administrator, United States Small Business Administration,* 102 F.R.D. 604, 607 (D.Me.1984). In contrast, the Court has not observed that failure to comply with the twenty-day deadline for answering complaints has occurred with any frequency in this district. Also, the values of adjudicatory efficiency that weighed so heavily in the Court's decisions on motions for relief from judgment pursuant to Rule 60(b) command less attention in this case.

Therefore, although Defendant's excuse for failure to timely file an answer is less than compelling by Rule 60(b) standards, it is sufficient to justify relief in a case such as this where the application of all other criteria militate in favor of setting aside the default. As noted above, these criteria include the existence of a meritorious defense and the lack of substantial prejudice to the opposing party.

The concern underlying the requirement that a party moving to set aside a default must show the existence of a meritorious defense is to determine whether there is some possibility that the suit will have an outcome different from the result achieved by default. *Horn v. Intelectron Corp.,* 294 F.Supp. 1153, 1155–56 (S.D.N.Y.1968); 10 C. Wright, A. Miller, & M. Kane, *supra,* § 2697 at 531. The theories of Plaintiffs' complaint appear to be that, first, Defendants were negligent in failing to remove Plaintiff Wanda Phillips' assailants from the premises of the Maine Mall when they were observed drinking and smoking marijuana inside the Mall before the assault occurred, and, second, that, Defendant was negligent in failing to provide adequate lighting and security in the parking lot where the kidnapping allegedly occurred. Defendants assert two possible defenses to Plaintiffs' claims. First, they argue that Plaintiff's own contributory negligence was a cause of her injury. Second, Defendants argue that a finding of liability will require an extension in the existing law of premises liability in the State of Maine. Plaintiffs contend that Defendants' assertions of meritorious defenses lack sufficient particularity. The Court finds, however, without making any predictions as to the outcome of the case, that neither further factual inquiry nor review of state law is necessary in order to reach the conclusion that the proffered defenses have merit for pleading purposes. *See Horn,* 294 F.Supp. at 1155–56.

With respect to any prejudice Plaintiffs have suffered as the result of Defendants' delay, Plaintiffs concede that it is minimal. Certainly, there is no showing that the delay of one day in Defendants' formal indication that they intend to contest the

claim and the delay of five days in their submission of an answer to the complaint has caused any prejudice to Plaintiffs.

In addition to the facts that there exists a meritorious defense and that Plaintiffs have suffered no prejudice, there is no indication that Defendants acted in bad faith in delaying the filing of their answer to Plaintiffs' complaint. *See* 10 C. Wright, A. Miller, & M. Kane, *supra*, § 2693 at 486–89. Further, as Plaintiffs themselves point out, this is a very significant case involving kidnapping, robbery, rape, assault and battery, and a damage claim of $16,000,000. *Cf. Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 1099 (1949) (default disfavored where substantial rights are involved); *see* 10 C. Wright, A. Miller, & M. Kane, *supra*, § 2693 at 482.

Finally, Defendants acted very quickly to attempt to remedy their delay in responding. *Eisler v. Stritzler*, 45 F.R.D. 27, 28 (D.P.R.1968); *see* 10 C. Wright, A. Miller, & M. Kane, *supra*, § 2698 at 533–34. In fact, Defendants' Motion for Leave to File Late Answer was filed only 53 minutes after Plaintiffs filed their Motion for Entry of Default. The Motion for Entry of Default was filed on the first day that it could have been granted. Under these circumstances, the Court finds ample justification to set aside the entry of default pursuant to the first clause of Fed.R.Civ.P. 55(c).

Accordingly, it is ORDERED that

Plaintiffs' Application for Default Judgment be, and is hereby, DENIED;

Defendants' Motion to Set Aside Default be, and is hereby, GRANTED; and

Defendants' Motion for Leave to File Late Answer be, and is hereby, GRANTED.

So ORDERED.