**Rt. Rev. Dr. Edward WAYLAND, Plaintiff,**

v.

**DISTRICT COURT, BIDDEFORD, Superior Court, Alfred, and Biddeford Police Department, Defendants.**

**Civ. No. 84–0223 P.**

United States District Court,
D. Maine.

Jan. 4, 1985.

Rt. Rv. Dr. Edward Wayland, pro se.

Peter J. DeTroy, III, Norman & Hanson, Portland, Maine, for defendants.

## OPINION AND ORDER

GENE CARTER, District Judge.

This case comes before this Court on Defendant Biddeford Police Department's Motion to set Aside Default. Plaintiff Edward Wayland, acting *pro se*, filed a Complaint, which was served upon the Biddeford Police Department on August 14, 1984. Default was entered by the Clerk for failure of the Biddeford Police Department to file a responsive pleading on October 10, 1984. The Biddeford Police Department's Motion to Set Aside Default was filed here on November 9, 1984.

■ Entry of default is to be distinguished from judgment by default. Entry of default is merely an interlocutory step that is taken in anticipation of a final judgment by default. *Phillips v. Weiner*, 103 F.R.D. 177 (D.Me.1984). In contrast, a final default judgment cannot be entered until the measure of recovery has been ascertained, and, unlike the entry of default, a default judgment is a final disposition of the case. *Id.*

■ Fed.R.Civ.P. 55(c) provides that entry of default may be set aside for "good cause shown." The following three considerations are significant in the determination of whether good cause has been shown: (1) the excuse or explanation for the default; (2) the existence of a meritorious defense to the action; and (3) the existence of any substantial prejudice to the party not in default. *Phillips*, 103 F.R.D. at 179.

■ Defendant's explanation for failing to respond to the Complaint was that Biddeford Police Chief Roger Beaupre was not aware that the Complaint, which was served by certified mail, was valid legal process because it had not been served by a law enforcement official and the Complaint was similar to a series of prior communications sent to the Biddeford Police Department by Plaintiff. Affidavit of Roger Beaupre, November 9, 1984, ¶ 3. The police chief swears in his affidavit that he had no knowledge that the Complaint was valid legal process until the Clerk of this Court notified the Biddeford Police Department that it was in default. *Id.*, ¶ 7. After careful review of the record, the Court is satisfied that the police chief's failure to identify the Complaint as valid legal process was reasonable.

Upon review of Plaintiff's Complaint, it is difficult to glean the content of his legal claims against the Biddeford Police Department. It is sufficient for the purposes of this motion to note simply that there exists a meritorious defense to this action. *See Phillips*, at 181–182.

Finally, there is no indication that Plaintiff has been prejudiced by the delay.

Accordingly, it is ORDERED that Defendant Biddeford Police Department's Motion to Set Aside Default be, and is hereby, GRANTED.

So ORDERED.