**Kathleen M. GROVER, Plaintiff,**

v.

**COMMERCIAL INSURANCE CO., Defendant.**

**Civ. No. 84–0259 P.**

United States District Court, D. Maine.

Jan. 30, 1985.

Richard J. Kelly, Richardson, Tyler & Troubh, Jon Holder, Holder & Grover, Portland, Me., for plaintiff.

John J. Flaherty, Christopher D. Nyhan, Portland, Me., for defendant.

## ORDER VACATING THE DECISION OF THE MAGISTRATE

GENE CARTER, District Judge

In his Report of Hearing on Motions and Scheduling Conference dated November 5, 1984, United States Magistrate D. Brock Hornby granted Defendant's Motion to Set Aside Default while denying Plaintiff's motions for default judgment and to strike the motion to set aside the default. Although the Magistrate's order was not a recommended decision, Plaintiff has not filed a notice of appeal, but has *objected* to it, noting that she is cognizant of the Court's admonition in *Jacobson v. Mintz, Levin, Cohn, Ferris, Glovsky and Popeo,* 594 F.Supp. 583 (1984). She regards the motions upon which the Magistrate acted as dispositive ones requiring *de novo* review. The Court need not address this issue at this time for it finds that whether review is conducted *de novo* or under the clearly erroneous standard, the Magistrate's ruling must be vacated and the case remanded for further findings.

Plaintiff moved for entry of default on September 18, 1984, moving at the same time for a judgment of default. Default was entered on September 19. On October 1, 1984, thirteen days after the entry of default, Defendant filed a motion to set aside default. The Magistrate granted the motion, treating it as an objection to the motion for default judgment as well. Plaintiff objects to the Magistrate's decision on the grounds that Defendant's motion did not constitute a timely objection to the motion for default judgment under Local Rule 19(c).

■ Local Rule 19(c) provides that "[u]nless within 10 days after the filing of a motion the opposing party files a written objection thereto, he shall be deemed to have waived objection, and the Court may act on the motion." Plaintiff argues correctly that the tenth day after filing of her motion for default judgment was September 28. Therefore, Plaintiff asserts that her motion for default judgment should

have been granted because the objection, filed on October 1, was untimely.

Plaintiff's argument raises the opportunity for the Court to explain further the operation of Rule 19(c). Federal Rule of Civil Procedure 6(e) provides that

> whenever a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.

Rule 6(e) does not by its terms apply to Rule 19(c), which starts the clock running at the time of filing rather than service of a motion. Under Local Rule 6(b), however, the filing to the Court of any paper constitutes a representation that a copy has been served upon the appropriate person. Since service is complete upon mailing under Fed.R.Civ.P. 5, in many instances parties will have no notice of the filing until arrival of the post containing service. Thus, the period actually available for the making of an objection is shortened where service is accomplished by mail. In order that responding parties might have the full ten days in which to object, the Clerk's office routinely adds three days to the ten prescribed in Rule 19(c). The Court does not act until ten days from the date that the responding party could have been expected to know of the filing. The Court deems this practice necessary for fairness in light of the short response time under the rule.

In the instant case, the Defendant filed its motion to set aside default on the thirteenth day after the filing of Plaintiff's motion for default judgment. Under the practices of this Court the filing of Defendant's motion constituted timely objection to Plaintiff's motion.

In applying the test for setting aside a default set forth in *Phillips v. Weiner*, 103 F.R.D. 177 (D.Me.1984), the Magistrate found that for pleading purposes defendant had asserted a meritorious defense. In his decision, the Magistrate noted Defendant's representation

at oral argument that he would move ... to amend the answer to assert the affirmative defense of fraudulent misrepresentation rather than mere misrepresentation, thereby meeting the standard of *American Home Assurance Co. v. Ingeneri*, 479 A.2d 897 (Me.1984). Report of Hearing on Motions and Scheduling Conference, at 4, n. 3 (Nov. 5, 1984). The Magistrate expressly stated that the amendment was to be filed by November 9, 1984. Defendants, however, did not actually file their amendment until November 14, 1984, five days later than required by the Court's order. On November 21 Plaintiff filed a motion to strike the affirmative defenses as untimely. Defendant responded on November 27 by filing a *nunc pro tunc* motion for enlargement of time for filing of the amendment from November 9th until November 14th.

Counsel for Defendant states in an affidavit that he did not receive notice of the Court-ordered filing date for the amendment until November 8, 1984, and that it did not come to his attention until November 13th or 14th. By way of explanation, counsel states that he was heavily involved in preparation for asbestos litigation and that November 10th–12th was a long holiday weekend.

Under Fed.R.Civ.P. 6(b)(2), an enlargement of time may be granted upon motion made after the expiration of the specified period where the failure to act was the result of excusable neglect. The law of the First Circuit is clear, however, in that neither intraoffice delays nor an attorney's busy schedule can form the basis for a finding of excusable neglect. *Air Line Pilots in the Service of Executive Airlines, Inc. v. Executive Airlines, Inc.*, 569 F.2d 1174 (1st Cir.1978); *Pinero Schroeder v. Federal National Mortgage Association*, 574 F.2d 1117 (1st Cir.1978); *Picucci v. Town of Kittery, Maine*, 101 F.R.D. 767 (D.Me.1984). Since defense counsel's neglect is not excusable, his motion for enlargement of time must be denied.

The Magistrate's decision that the pleadings showed a meritorious defense seems

**139**

based, in part, on the expectation that Defendant would effectively amend its answer. The Court will remand the case to the Magistrate for further findings on whether the default should be set aside under the *Phillips* test, given Defendant's failure to amend.[1]

Accordingly, it is ORDERED that Defendant's motion for an enlargement of time in which to amend its answer is DENIED. The decision of the Magistrate to set aside the default is VACATED and the case is REMANDED for a new determination of whether the default should be set aside.

So ORDERED.

---

1. Whether this review of the Magistrate's decision is conducted *de novo* or under the clearly erroneous standard, it makes sense for the Court to remand the issue. The Magistrate has already considered the other relevant factors under *Phillips* and has had the benefit of coun-sel's representations and arguments, which are not before this Court. While the Magistrate can make his determination on the basis of the record as it stands before him, this Court would need to conduct a new hearing, unnecessarily expending judicial resources.