**Bruce GOODWIN and Donna Goodwin, Plaintiffs,**

v.

**ROPER INDUSTRIES, INC., Defendant.**

Civ. No. 86–0249 P.

United States District Court, D. Maine.

Nov. 3, 1986.

Robert J. Gallo, James G. Noucas, Jr., Portsmouth, N.H., for plaintiffs.

Harrison L. Richardson, William W. McCandless, Jr., Portland, Maine, for defendant.

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO SET ASIDE DEFAULT

GENE CARTER, District Judge.

After a review of the written submissions of the parties on the Defendant's motion to set aside the default herein, including the affidavits of Mark Sidney and Roger J. Benedict in support thereof, the Court finds that there is good cause under Fed.R.Civ.P. 55(a) to set aside the default against the *insured Defendant* herein, Roper Industries, Inc. *See Phillips v. Weiner*, 103 F.R.D. 177 (D.Me.1984). From the perspective of the insured Defendant, all the criteria of *Phillips* are sufficiently met to justify striking the entry of default.

There is no adequate reason put forth, however, for the lack of diligence displayed by the insured Defendant's insurance carrier, Liberty Mutual Insurance Company, in forwarding suit papers requiring prompt legal response by regular mail without making any follow-up contact (by telephone or otherwise) to determine if those papers had reached their destination within Liberty's own internal structure, much less to determine whether they had been promptly referred to counsel and responded to in a timely manner. All of these are functions to be routinely expected of a responsible and prudent liability carrier by its insured. Since the inadequate performance of these duties has a usually adverse impact upon the progress of litigation in this Court, the Court is also entitled to expect them to be properly and timely performed so as not to unduly delay the litigation, cause congestion of the Court's docket, and require the expenditure of unnecessary time, effort and resources by opposing counsel and the Court in order to unravel the consequences of the carrier's lack of diligence.

Here, it is no adequate answer for the carrier to simply say that the suit papers were lost in the mail. First of all, there is here no *proof* that that is what happened. More importantly, however, if that is the case, the papers were lost because the carrier was unbelievably casual, clearly to the point of negligence, in forwarding the papers, knowing of their importance, without any follow-up. Since that conduct cannot be condoned, much less encouraged, without great potential hurt to the litigation process and the efficiency of the judicial system, it is to be appropriately addressed by the Court's inherent powers of sanction.

Here, the conduct of the carrier referred to has delayed this matter from moving expeditiously to a scheduling conference for some two-and-one-half months. The Plaintiffs' counsel expended the time to seek an entry of default and then to defend that default, once entered, prepared a fifteen-page memorandum of law. The Court was required to read the entire file, including the two memoranda of law, and to consider the merits of the motion. All of this time, effort and expense could have been better directed to preparing this case

for final disposition by trial or settlement. It would, undoubtedly, have been so spent except for the cavalier disinterest of Liberty Mutual in the welfare of its insured and its disdainful disregard of any consideration for the efficiency of this Court.[1]

Accordingly, the Court finds it appropriate to impose a sanction of One Thousand Dollars ($1,000.00) upon the Defendant, to be paid by its liability insurance carrier, Liberty Mutual Insurance Company, to Plaintiffs' counsel, within fifteen (15) days of this Memorandum of Decision and Order, as a precondition to the Defendant obtaining the striking of the default previously entered herein.

It is hereby *ORDERED* that the Defendant's Motion to Set Aside Default, filed on September 16, 1986, be, and it is hereby, *GRANTED*; and the default entered on September 5, 1986, is to be *STRICKEN on condition that* the Defendant's liability insurance carrier, Liberty Mutual Insurance Company, pay to Plaintiffs' counsel, not later than fifteen (15) days from the date of this Order, the sum of One Thousand Dollars ($1,000.00) as a sanction for negligent and unjustifiable delay in securing the appearance of counsel and entry of responsive pleadings herein on behalf of its insured, Roper Industries, Inc.; otherwise, said default to remain in full force and effect.

---

1. In *Phillips v. Weiner,* 103 F.R.D. 177 (D.Me. 1984), the default was as the result of the insurance carrier's neglect in forwarding suit papers. The Court observed "[i]t is apparent that the insurance company's faulty procedures for handling complaints, rather than any neglect of counsel, were to blame for Defendant's failure to file a timely Answer." *Id.* at 180. The Court observed in *dicta* that the insurer's neglect there did not rise to the level of "excusable neglect" under Rule 60(b)(1).

One of the reasons that the Court declined to apply the higher, Rule 60(b)(1) standard was that:

The circumstances that mandated the enforcement of a strict standard of excusable neglect with respect to violations of Local Rule 19(c) simply are not present with respect to Rule 55(c). The high incidence of violations of Local Rule 19(c) prompted the Court to observe that "the requirements of Local Rule 19(c) are more honored in the breach than in their observance." *Gideon v. Administrator, United States Small Business Administration,* 102 F.R.D. 604, 607 (D.Me.1984). In contrast, the Court has not observed that failure to comply with the twenty-day deadline for answering complaints has occurred with any frequency in this district. Also, the values of adjudicatory efficiency that weighed so heavily in the Court's decisions on motions for relief from judgment pursuant to Rule 60(b) command less attention in this case.

*Id.* at 181. That circumstance has now changed. Since October of 1984, when *Phillips* was decided, the Court has become aware of a steadily increasing number of cases where, because of insurer neglect, time is lost by entry of default or default judgments which are subsequently removed. The occasion for this Court to stay its hand against this cavalier abuse of the judicial process is long since past.