MAINE NATIONAL BANK, a banking institution organized under the laws of the United States with a place of business in Portland, County of Cumberland, State of Maine, Plaintiff,

v.

F/V CECILY B (O.N. 677261), her engines, machinery, equipment, masts, etc., in rem,

and

F/V REBECCA B (O.N. 677263), her engines, machinery, equipment, masts, etc., in rem,

and

F/V JESSICA B (O.N. 675561), her engines, machinery, equipment, masts, etc., in rem,

and

Rockland Fleet Corporation, a corporation duly organized and existing under the laws of the State of Maine, with a place of business in Rockland, County of Knox, State of Maine, in personam,

and

Snelling R. Brainard, of Boston, Commonwealth of Massachusetts, in personam,

and

Caroline P. Brainard, of Boston, Commonwealth of Massachusetts, in personam,

and

Seabank Industries Limited, a corporation duly organized and existing under the laws of the State of Maine, with a place of business in Portland, County of Cumberland, State of Maine, in personam,

and

Brainard Conservation Trust, a duly constituted trust, with an office in Boston, Commonwealth of Massachusetts, in personam, Defendants.

Civ. No. 86–0359–P.

United States District Court, D. Maine.

May 13, 1987.

Leonard W. Langer, David W. Fisher, Portland, Me., for plaintiff.

James B. Haines, Jr., Portland, Me., Jerome E. Rosen, Lappin, Rosen & Goldberg, Boston, Mass., Patrick J. Scully, Portland, Me., for defendants.

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS' MOTION TO SET ASIDE DEFAULT AND FOR LEAVE TO FILE A LATE ANSWER

GENE CARTER, District Judge.

This case is before the Court on a motion to set aside default and for leave to file a late answer, filed on March 11, 1987 by Defendants Snelling R. Brainard, Caroline P. Brainard, Seabank Industries, Ltd., and Brainard Conservation Trust ("the Guarantor Defendants"). For the reasons stated herein, the motion is denied.

### I. *Background*

The action arises out of a promissory note and mortgage executed by Defendant Rockland Fleet Corporation ("RFC") and now held by Plaintiff Maine National Bank. The Guarantor Defendants executed an unconditional guaranty to Plaintiff as security for the note. Defaults on various conditions of the note having occurred, Plaintiff commenced this action in order, *inter alia,* to enforce the guaranty.

The Guarantor Defendants each received a summons and complaint by certified mail on December 16, 1986. They also each received two copies of a notice and acknowledgment-of-receipt form and a stamped, self-addressed envelope as required by Fed.R.Civ.P. 4(c)(2)(C)(ii). Because the Guarantor Defendants did not return these forms within the twenty-day period prescribed by the rule, Plaintiff caused the Guarantor Defendants to be served in hand on January 28, 1987. The Guarantor Defendants' counsel received these documents on February 5, 1987, but failed to file any answer or motion on or before February 17, the last day of the twenty-day period prescribed by Rule 12(a). Therefore, on Plaintiff's request and pursu-

68

ant to Rule 55(a), the Clerk of this Court entered a default on February 26, 1987. Plaintiff has requested the entry of default judgment but the Court has not yet acted upon this request.

On February 27, the Guarantor Defendants filed their answer; on March 11, they filed a motion to set aside default and for leave to file a late answer. On April 7 the Court dismissed this motion for failure to comply with Local Rules 3(d)(1) (requiring attorneys not members of the bar of the court to become associated with local counsel) and 19(a) (requiring motions to be supported by memoranda of law). On April 9, the Guarantor Defendants filed a renewed motion to set aside default and for leave to file late answer; this motion, which complies with the Local Rules, is now before the Court.

## II. *Discussion*

■ Fed.R.Civ.P. 55(c) declares that "[f]or good cause shown the court may set aside an entry of default...." In determining what constitutes "good cause," this Court examines (1) the excuse or explanation for the default; (2) the existence of a meritorious defense to the action; and (3) the existence of any substantial prejudice to the party not in default. *Phillips v. Weiner*, 103 F.R.D. 177, 179 (D.Me.1984). Other factors that may be considered are (4) the amount of money involved; (5) the good faith of the parties; and (6) the timing of the motion to set aside the default. *Id.*

### A. *Excuse or Explanation*

There is no adequate excuse or explanation for the conduct amounting to default. The Guarantor Defendants do not dispute that they originally received the summons and complaint on December 16, 1986. Because they failed to return the notice and acknowledgment-of-receipt forms, that date cannot be considered the date of service, but it is certainly relevant in evaluating the Guarantor Defendants' excuse for failure to file a timely answer after service was

effectuated on January 28, 1987. In short, the Guarantor Defendants did not respond to the summons and complaint for over two months.

The Guarantor Defendants argue that the complaints were voluminous and took time to evaluate. But the complaints were only thirteen pages long and were facially identical; the exhibits to the complaints, although lengthy, were apparently familiar to the Guarantor Defendants' counsel because he participated in drafting them. If counsel had required more time to respond, he easily could have requested an extension of time from the Court or opposing counsel.

The same applies to counsel's argument that he discovered only at the last minute that local counsel was required and that at that point had difficulty securing local counsel. The local counsel requirement should have been clear to him from the beginning, and had he needed more time, he could easily have requested it. Likewise, counsel's argument that there were no funds available to obtain local counsel is weak; not only is it factually unsupported, but the obvious prudent course in such a situation would have been to file an answer with a request for an extension of time in which to obtain local counsel.

### B. *Meritorious Defense*

■ The purpose of inquiring into the existence of a meritorious defense is to determine whether there is some possibility that the suit will have an outcome different from the result achieved by default. *Phillips*, 103 F.R.D. at 181. In the instant case, the Guarantor Defendants' answer and the memorandum of law supporting the pending motion fail to establish the existence of any meritorious defense. Their answer merely denies that either they or the notemakers are in default or that any payments are due on the note and the associated mortgage. Their memorandum does not explain or expand upon this denial; the memorandum alludes to the

existence of other defenses but fails to specify what they might be. Such general denials or conclusory statements that a defense exists are insufficient. 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2697 at 529 (2d ed. 1983).

The memorandum also appears to contend that Plaintiff's choice to proceed first against the collateral requires Plaintiff to await the outcome of those proceedings before proceeding against the Guarantor Defendants. This argument was not raised in the answer and appears completely without merit; section 2.3(B) of the guaranty gives Plaintiff complete discretion to proceed directly against the Guarantors without proceeding against or exhausting its other remedies. Moreover, proceedings against the collateral have been automatically stayed due to Defendant RFC's having filed for chapter 11 reorganization.

### C. *Substantial Prejudice*

Plaintiff argues that it would be prejudiced by a setting aside of the default because of the time and funds expended in obtaining entry of the default and responding to the Guarantor Defendants' motions to remove the default. Plaintiff further argues that it would be prejudiced because the delay resulting from the Guarantor Defendants' disregard of the Federal and Local Rules of Procedure. The Guarantor Defendants' only response is to assert—erroneously—it appears, that the action against them is subject to the automatic stay triggered by RFC's chapter 11 filing and thus that the delay has not prejudiced Plaintiff.

"[E]ven though courts frequently express a concern for the party not in default, they generally conclude that no substantial prejudice will be caused by granting relief in the case before them." 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2699 at 534 (footnote omitted). But a showing of *substantial* prejudice is not a *sine qua non* to the denial of a Rule 55(c) motion; it is merely one of the factors a court should consider. Here, although the potential prejudice to Plaintiff is not substantial, neither should it be ignored.

### D. *Other Factors*

This Court has previously stated that in ruling on a Rule 55(c) motion it might also consider the amount of money involved, the good faith of the parties, and the timing of the motion. *Phillips*, 193 F.R.D. at 179. The amount of money involved here—over two million dollars—is unquestionably substantial, and this weighs in favor of granting the motion.

An evaluation of the parties' good faith, however, tilts the balance in the opposite direction. Plaintiff has at all times acted in utmost good faith and in compliance with the Local and Federal Rules. The Guarantor Defendants have not done so, as demonstrated by their failure to return the notice and acknowledgment-of-receipt of forms they received on December 16, 1986; their failure to take other appropriate action until they delivered the summons and complaint to counsel on February 5, 1987; their counsel's failure to request any extension of time, to move for leave to file an answer unsigned by local counsel, or to accompany the first motion to set aside default and for leave to file a late answer with any supporting memorandum.

The timing of the motion also weighs in favor of denial. The Guarantor Defendants filed their answer ten days late but did not file their motion to set aside default and for leave to file a late answer until an additional twelve days had passed—a total of twenty-two days after the answer was due. True, this motion was filed promptly after counsel received notice of the entry of default, but the relevant date for purposes of evaluating the equities of the situation is the date on which the answer was due rather than the date on which the default was actually entered. Counsel well knew on February 5 that the answer was due on February 17 and that a default could enter at any time thereafter; a three-week delay after the due date is strong evidence of lack of diligence. *Compare Grover v. Commercial Ins. Co.*, 108 F.R.D. 366, 368, 371 (D.Me.1985) (denying Rule 55(c) motion where counsel learned of complaint seven days after answer was due yet filed no motion until seven additional days had passed) *with Phillips*, 103 F.R.D. at

182 (granting Rule 55(c) motion where defendants filed motion for leave to file late answer only one day after answer was due and filed motion to set aside default four days later).

### III. *Conclusion*

 What this Court said in *Grover* is equally appropriate here:

> The Court acknowledges that generally it is better to try cases on the merits than to resolve them through procedural means, as, for example, by default. On balance here, however, after considering the pertinent factors described in *Phillips v. Weiner*, the Court cannot find that the default should be set aside. Although the case is monetarily significant and there has been little prejudice to Plaintiff by the default, Defendant has offered only the weakest of excuses for its default. Moreover, Defendant has not set forth a meritorious defense and has not shown itself the sort of good faith litigant whose failure to follow timely pleading practices, as mandated by the procedural rules of the Court, should be so readily excused.

*Grover*, 108 F.R.D. at 371.

Accordingly, it is ORDERED that the Guarantor Defendants' motion to set aside default and for leave to file late answer be, and it is hereby, DENIED, order for entry of judgment to enter this date.