**Theodore KRYZAK and Deborah Kryzak, Plaintiffs,**

v.

**DRESSER INDUSTRIES, Defendant.**

**Civ. No. 87–0184–P.**

United States District Court, D. Maine.

Dec. 11, 1987.

---

W. Wright Danenbarger, Wiggin & Nourie, Manchester, N.H., Ernest J. Babcock, Fiedman & Babcock, Portland, Me., for plaintiffs.

Geoffrey K. Cummings, Joy C. Cantrell, Preti, Flaherty, Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT

GENE CARTER, District Judge.

### I. Introduction

On June 25, 1987, Plaintiffs brought suit against Defendant, seeking to recover for injuries Plaintiff Theodore Kryzak sustained while maintaining a crane built by Defendant in 1963. Plaintiffs raise strict products liability, negligence, breach of warranty and loss of consortium claims.

On September 10, 1987, after confirming that Defendant had filed no answer or other defense to Plaintiffs' suit, this Court entered a default against Defendant. Defendant shortly thereafter filed the instant Motion to Set Aside Default, claiming its failure to respond was excusable.

For the reasons set forth herein, the Court sets aside the default entered against Defendant and permits Defendant to file a late Answer.

### II. Analysis

A motion to set aside default under Fed.R.Civ.Pro. 55(c) requests that the Court exercise its discretion in light of the particular circumstances of the individual case. *Phillips v. Weiner*, 103 F.R.D. 177, 179 (1984). This Court has recognized six factors as relevant in determining the propriety of a motion to set aside default: the excuse or explanation proffered by the Defendant for the conduct giving rise to the default; the existence of a meritorious defense to the action; the risk of prejudice to the Plaintiff; the amount of money involved in the action; the parties' good faith or lack thereof; and the timing of the motion to set aside. *Id.*

Defendant offers the following excuse for its failure to file a timely response to Plaintiffs' action: the Complaint was received promptly after it had been filed in this Court, but was logged in to Defendant's in-house counsel's filing system under

an improper name, and was, as a result, routed through counsel's office as one of 15 multi-defendant asbestosis cases rather than as a products liability case. The filing error was not discovered until September 11, 1987, when Defendant's in-house counsel received notice of Plaintiff's Motion for Entry of Default. Defendant attributes the filing error in part to the sheer volume of cases its in-house counsel processed in June and July—approximately 175 each month.

Defendant has raised two potentially meritorious defenses to Plaintiffs' action—compliance with industry standards, and comparative negligence—and supported both with affidavits. Further, it is clear from the record that Plaintiffs' action was not unfairly prejudiced by Defendant's delay, and that Plaintiffs' action involves a significant amount of money; Plaintiffs seek damages of more than $2 million.

Finally, there is no evidence that Defendant's delay in responding was fueled by bad faith. Defendant has satisfied the Court that it was unaware of the existence of the action until after default had been entered against it. From that point on, the record reveals a concerted good faith effort to rectify the delay. Defendant appointed local counsel immediately after discovering its administrative error. The instant Motion to Set Aside Default, and two supporting affidavits, were filed merely two working days after default was entered.

The Court finds, therefore, Defendant's failure to respond in a timely fashion to Plaintiffs' action constitutes excusable neglect under the more lenient standard applied to motions brought under Rule 55(c), *See Goodwin v. Roper Industries, Inc.,* 113 F.R.D. 53 (1986); *Phillips v. Weiner, supra,* and that the default entered against Defendant should be stricken.

■ Nevertheless, the Court is unwilling to overlook Defendant's delay. Administrative carelessness does not, and cannot be permitted to, justify delays and oversights that cause the Court and opposing counsel to expend considerable resources preparing, defending and ruling on motions that reasonable diligence in the administrative processing of claims could have averted. Although the Court recognizes that human error does occur, it also recognizes the need to reprimand such error in order that the risk of its recurrence be minimized, especially where such error causes a waste of one of the most precious of judicial commodities, time.

Where delay-causing error results from negligence, sanctions are warranted. While the facts of this case do not appear to warrant foreclosure of Defendant's opportunity to defend on the merits, negligent delay and its effects cannot be ignored. The Court finds affirmative action necessary to avoid condoning untimely pleading and encouraging waste of judicial and other resources.

Accordingly, the Court ORDERS that Defendant's Motion to Set Aside Default be, and it is hereby, GRANTED; that the default entered on September 10, 1987, be, and it is hereby, STRICKEN *on condition that* Defendant pay to Plaintiffs' counsel, not later than fifteen (15) days from the date of this Order, the sum of Six Hundred Dollars ($600) as a sanction for negligent delay in securing the appearance of counsel and entering responsive pleadings in this action, otherwise, said default to remain in full force and effect; and that Defendant's Motion for Leave to File Late Answer be, and it is hereby, GRANTED, on the same conditions.