WAYNE ROSA CONSTRUCTION,
INC., Plaintiff,

v.

HUGO KEY & SON, INC., and
The Connecticut Indemnity
Co., Defendants.

Civ. No. 93–300–P–C.

United States District Court,
D. Maine.

March 7, 1994.

Francis X. Quinn Jr., Boynton, Waldron, Doleac, Woodman & Scott, Portsmouth, NH, for plaintiff.

John J. Aromando, Debra L. Brown, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, ME, for defendants.

*MEMORANDUM OF DECISION AND ORDER DENYING CONNECTICUT INDEMNITY CO.'S MOTION TO VACATE DEFAULT JUDGMENT*

GENE CARTER, Chief Judge.

This action was commenced by Plaintiff Wayne Rosa Construction, Inc. to recover $18,394 for materials, labor, and services provided to the United States Naval Shipyard at Portsmouth, New Hampshire, pursuant to a subcontract with Defendant Hugo Key & Son, Inc. (Hugo Key). Hugo Key, the contractor, had obtained a surety bond, as required by the Miller Act (40 U.S.C. §§ 270a–270d), from Defendant The Connecticut Indemnity Co. (Connecticut Indemnity) for the materials, labor, and services to be furnished

at the Portsmouth Naval Shipyard. The Complaint (Docket No. 1) was filed on October 22, 1993, and service was made on Connecticut Indemnity on November 3, 1993, by serving copies of the Summons and Complaint on the Superintendent of Insurance for the State of Maine. Defendants failed to answer the Complaint in a timely manner as required by Rule 12(a) of the Federal Rules of Civil Procedure, and a default was entered on December 23, 1993. Thereafter, on December 29, 1993, a default judgment in the amount of $18,394 plus interests and costs was entered in favor of Plaintiff pursuant to Rule 55(b).

On January 31, 1994, Connecticut Indemnity filed a Motion for Relief from the Default Judgment (Docket No. 11) under Rule 60(b)(1). For the reasons that follow, the Court will deny this motion.

### DISCUSSION

■ Under Rules 55(c) and 60(b), the determination of whether a party may be relieved of a final judgment rests within this Court's sound discretion. *American Metals Service Export Co. v. Ahrens Aircraft, Inc.,* 666 F.2d 718, 720 (1st Cir.1981). However, it is the moving party that bears the burden of showing *both* good reason for the default and the existence of a meritorious defense. *Id., cited in Maine National Bank v. F/V Explorer,* 833 F.2d 375, 378 (1st Cir.1987). When a party seeking relief from a default judgment has met the threshold burden of showing a good cause for a default, and the existence of a meritorious defense, the Court will consider other factors which militate for or against relief, such as: prejudice to the non-moving party, whether a substantial amount of money is involved, the good faith of the parties, and the timing of the motion to set aside the default. *Phillips v. Weiner,* 103 F.R.D. 177, 179 (D.Me.1984).

### THE FAILURE TO ANSWER

■ Connecticut Indemnity has provided a lengthy explication of the various delays in its handling of the present matter. This account does not satisfy the Court that such delay was the result of "mistake, inadvertence, surprise, or excusable neglect" within the meaning of Rule 60(b)(1). The Affidavit of Ronald David Ellin (Docket No. 12), a claims attorney with Viceroy Management Company, an independent claims agency for Connecticut Indemnity, describes a system which will almost inevitably result in delay, rather than any extraordinary occurrence that resulted in failure to answer in a timely manner in this case. The Summons and Complaint's stop-and-go progress through the labyrinth of Connecticut Indemnity's institutional structure is not alleged to be the result of any mishap or aberration. This progress includes several other parties that must be introduced before the delays can be explained. First, the surety bonds issued by Connecticut Indemnity were underwritten by Midwest Indemnity Company. Second, Connecticut Indemnity is a subsidiary of Connecticut Specialty Insurance Group (CSIG), which is a subsidiary of Orion Capital Companies. With this background, the following is the explanation for Connecticut Indemnity's default.

1. The Summons and Complaint in this action were properly served on the Superintendent for Insurance of the State of Maine on November 3, 1993.

2. By letter dated November 9, 1993, a copy of the Summons and Complaint was forwarded to:
   Stanley G. Fullwood, Secretary
   CONNECTICUT INDEMNITY COMPANY,
   PO Box 420,
   Hartford, CT 06141.

3. Stanley G. Fullwood is a member of the Law Division of Orion and received the Summons and Complaint on November 12, 1993.

4. Fullwood forwarded the Summons and Complaint to CSIG on November 12, 1993.

5. On November 17, 1993, CSIG sent the Summons and Complaint to Midwest, the underwriter of the bond.

6. Midwest received the Summons and Complaint on November 23, 1993, and forwarded them to Viceroy who received the Complaint on or about November 24, 1993.

7. "Due to inadvertence or mistake," Viceroy did not take any action to ob-

tain outside counsel to represent Connecticut Indemnity in this matter. Affidavit of Ellin, ¶ 10.

8. The next information that Ronald David Ellin was aware of receiving was a letter dated January 5, 1994, from Plaintiff's counsel advising Defendants that a default judgment had been entered in favor of Plaintiff.

9. On January 18, 1994, Ellin retained counsel in Hartford to assist with this matter.

10. On January 19, 1994, counsel in Hartford obtained local counsel to represent Connecticut Indemnity in this matter.

11. On January 31, 1994, an Answer (Docket No. 10) and this motion were filed by local counsel.

To give Connecticut Indemnity credit, they do not appear to argue that the above morass amounts to excusable neglect. It most clearly does not. When the Summons and Complaint were received by the designee selected by Connecticut Indemnity, there remained eleven days in which to file an answer or a request for an extension of time. Thereafter, Defendant points to no explanation other than negligence for the delays and oversights which resulted in Viceroy, the Independent Claims Agency, receiving these papers on or about November 24, 1994. Most important, even when Viceroy did receive the Summons and Complaint, they did absolutely nothing for nearly two months.[1] No action was taken to extend the time to answer or to retain local counsel. Even when Connecticut Indemnity received notice of the default judgment, about three weeks passed before this Rule 60 motion was filed.[2] Defendant points to no extraordinary circumstances to explain its repeated delays in responding to this action.

## LACK OF MERITORIOUS DEFENSE

Connecticut Indemnity does not meet the second requirement for setting aside a default by putting forth a meritorious defense. Indeed, they concede that "based on information supplied by [ ] Hugo Key, Connecticut Indemnity believes that the full amount of $18,394.00 is in fact due and owing to [Plaintiff] for labor and materials furnished in connection with the [Portsmouth Naval Shipyard] Project." Motion of Connecticut Indemnity Company for Relief from Default Judgment (Docket No. 11) at 2–3; Affidavit of Ellin, ¶ 6.

Although the Court finds the failure to show excusable delay or a meritorious defense dispositive to the present motion, it nevertheless notes that the remaining factors outlined in *Phillips v. Weiner* do not weigh in favor of Connecticut Indemnity's motion. *Id.* Plaintiff, who it is agreed is owed the full amount of the judgment for labor and materials provided, would suffer prejudice if the motion were granted. Plaintiff has already retained counsel and paid the costs for bringing this action to recover on its undisputed claim, yet Plaintiff would have to repeat the process, suffering further delay and risking the loss of some portion of payment for the work it performed. The sum at issue here is not great, and Connecticut Indemnity's argument indicates that if the default judgment is set aside, Plaintiff will (at worst) be entitled to about two-thirds of that amount. Therefore, only about $6,000 is at issue. The Court also doubts the good faith of Connecticut Indemnity. It appears from the record that Connecticut Indemnity was aware of the present action and delayed answering until it was prepared to file the interpleader action. The blatant disregard for the requirements of Rule 12(a) do not bespeak good faith. Finally, after Connecticut Indemnity became aware that it was in default, on or about November 24, 1993, it did not act promptly, and even when it received notice of the de-

1. Because of this prolonged period of unexplained delay, the Court need not consider whether the events prior to November 24, 1993, approach "excusable neglect." Nevertheless, the Court notes that Connecticut Indemnity does not suggest that there was anything "extraordinary" about the route by which the Summons and Complaint were passed along. The Court is un-
impressed by this processing and does not consider such cavalier treatment of a pending action excusable.

2. If the letter dated January 5, 1994, was received within five days, the delay in filing this Rule 60 motion was at least twenty-one days.

fault judgment, another three weeks passed before this motion was filed.

## THE EQUITIES

 Having failed to meet the requirements for relief under Rules 55(c) and 60(b), Connecticut Indemnity nevertheless contends that the equities in this case support its motion. Connecticut Indemnity's argument in favor of setting aside the default is that claims have been made on the surety bond which exceed the penal sum of the bond. Full payment to Plaintiff in this case, Connecticut Indemnity contends, will deprive other claimants of their *pro rata* share of the penal sum because a surety's liability is limited to the penal amount of the surety bond. *See American Surety Co. v. Westinghouse Electric Manufacturing Co.,* 296 U.S. 133, 136, 56 S.Ct. 9, 10, 80 L.Ed. 105 (1935); *Pennsylvania Fire Insurance Co. v. American Airlines,* 180 F.Supp. 239, 241 (E.D.N.Y. 1960). Therefore, Connecticut Indemnity urges the Court to set aside the default judgment and order Plaintiff joined as an interpleader defendant in a case Connecticut Indemnity began on January 31, 1994.

While the Court is concerned about the equitable distribution of the penal sum among the other claimants, this is an improper basis to vacate the default judgment on Connecticut Indemnity's motion. As is clear from its argument, Connecticut Indemnity does not allege any interest of its own in connection with this aspect of this matter. Connecticut Indemnity's liability is fixed at the amount of the penal sum in the surety bond. Connecticut Indemnity raises the specter of prejudice to claimants *who are not before the Court in this action* and have made no attempt to assert any interest herein. Connecticut Indemnity has cited no precedent, and the Court has found none, for setting aside a final default judgment based on general allegations of prejudice to third parties. It is not clear from the present record that other claimants will be prejudiced. The Court can only speculate as to whether such claimants will, in fact, be able to prove their claims. Whatever the outcome of the interpleader action, this Court cannot disrupt a final judgment under Rule 60(b) when Defendant has failed to carry its burden of showing either good cause or a meritorious defense for relief from the default judgment.

Accordingly, it is *ORDERED* that Defendant Connecticut Indemnity's motion for relief from the default judgment be, and it is hereby, *DENIED*.