**BANK OF HAWAII, Plaintiff,**

**v.**

**SAMIU E. SALA, Deceased and GERTRUDE I. SALA, Defendants.**

High Court of American Samoa
Trial Division

CA No. 95-03

May 24, 2005

Before RICHMOND, Associate Justice; LOGOAI, Associate Judge; and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, David P. Vargas
For Defendants Marie A. Ala'ilima

## ORDER DENYING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT AND GRANTING MOTION FOR DEFAULT JUDGMENT

### Introduction

On November 6, 2003, Plaintiff Bank of Hawaii ("BOH") filed a complaint against Defendants Samiu E. Sala ("Sala"), deceased, and Gertrude I. Sala ("Gertrude") (together "Defendants"). The complaint alleges that Defendants are in breach of a promissory note for failure to pay amounts due under a $103,268.00 loan received from BOH. As a result of Defendants alleged default in loan repayments, the complaint further seeks to exercise an option to proceed with foreclosure on property subject to a mortgage that was purportedly given in consideration for the loan.

On November 12, 2003, BOH filed an amended complaint. On April 12, 2004, we granted an order for service of process by publication pursuant to A.S.C.A. § 43.0501-.0504. On June 1, 2004, Gertrude's "acknowledgement of service, admission, and waiver of appearance" was filed, by which she acknowledged that Defendants signed a promissory note in the principal amount of $103,268.00, plus interest, promising to pay BOH's loan to them, that Defendants defaulted in payment of the note, and that she does "not desire to appear or dispute this matter." On June 1, 2004, BOH requested an entry of default. On June 2, 2004, the clerk of the court inadvertently entered default against both Defendants.

On July 26, 2004, the Development Bank of American Samoa ("DBAS") filed a complaint in this matter as an intervening party contending it, and not BOH, holds the security interest in the land that BOH seeks to foreclose, and requesting that the Court deny BOH's prayer for foreclosure. The Court permitted DBAS's intervention. On February 3, 2005, BOH and DBAS reached an agreement, stipulating as to the manner in which their respective mortgages would be foreclosed.

On February 7, 2005, BOH moved for default judgment.[1]  On April 7, 2005, nearly 10 months after Gertrude's appearance, she moved "to set aside BOH's motion for default judgment," which is properly construed only to set aside the clerk's default, and filed a proposed answer to BOH's complaint.  Having conducted a hearing on this issue and considered the parties' submissions, we deny Gertrude's motion to set aside entry of default, and grant BOH's motion to enter default judgment.

## Discussion

### I. Entry of Default

We first note that the clerk's June 2, 2004 entry of default was appropriate.  On first blush, the timing of the clerk's entry appears premature.  Ordinarily, when a party receives notice by publication, A.S.C.A. § 43.0502 holds that "unless the defendant appears and defends within 2 months and 10 days from the date of the first publication, which date shall be published as a part of the notice, a default will be entered against him and judgment or decree rendered thereon."  In this case, while April 12, 2004 was the date which appeared on the first publication, the clerk entered default on June 2, 2004, a period before the expiration of the 2 months and 10 day period.  In the current case, however, as noted above, Gertrude submitted an affidavit on June 1, 2004, stating under penalty of perjury both "acknowledging that we are in default of the note" and stating that "I do not desire to appear or dispute this matter and therefore waive my right to appear and answer or otherwise respond to the Complaint."  Given that Gertrude affirmatively waived the right to plead, appear, or otherwise defend in this action as of June 1, 2004, the clerk was no longer compelled to wait an additional 21 days until the exhaustion of the 2 month and 10 day period to enter default.  Therefore, the clerk's June 2, 2004 entry of default was proper as to Gertrude.

### II. Setting Aside Default

In a one page motion dated April 7, 2005, Gertrude moved in essence to set aside the clerk's entry of default.  We heard this motion on April 11, 2005, and see no basis to grant it.  A court may set aside a clerk's entry of default for "good cause" at its discretion based on the particular

[1] The motion sought a default judgment against both Sala and Gertrude, but BOH has since acknowledged that in the present status of this action, a default judgment can only be entered against Gertrude on the promissory note.  Sala is deceased.  He is also the only signatory on the mortgage.  The representative of his estate, not Sala, is properly a party.  The representative has been neither sued nor served with process.

circumstances of the case before it. T.C.R.C.P 55(c); *see Pene v. American Samoa Power Authority*, 8 A.S.R.2d 78 (Trial Div. 1988); *Phillips v. Weiner*, 103 F.R.D. 177, 179 (D. Maine 1984). Although in exercising our discretion we have a preference for a trial on the merits rather than summary proceedings, we will determine if "good cause" exists based on whether: (1) the defendant intentionally ignored the plaintiff's complaint; (2) the defendant acted in bad faith; and (3) setting aside the default will prejudice the plaintiff. *Pene*, 8 A.S.R.2d at 79-80; *see also Phillips*, 103 F.R.D. at 179 (analyzing (1) the excuse or explanation for the default; (2) the existence of a meritorious defense to the action; and (3) the existence of any substantial prejudice to the party not in default).

Gertrude was fully aware that this action had been commenced against her and Samiu, but she willfully and deliberately chose not to not file any responsive pleadings. Not until April 7, 2005, nearly 10 months after her June 1, 2004 appearance, did Gertrude submit an answer, without providing any written or testimonial explanation for her delay or offering justification for the Court to disregard her previous waiver of the right to answer or appear in this matter. If we were to allow Gertrude to now answer, we would not only defy BOH's reasonable expectation that the Court will adhere to its own entry of default, but also call into question a party's ability to rely on an opposing party's waiver of rights and admission of liability. Therefore, after considering the factors surrounding both Gertrude's and BOH's conduct, we do not find "good cause" to set aside default.

## III. Default Judgment

A default judgment is not a matter of right, and a trial court has sound discretion to determine whether default judgment is appropriate. *Rakshan v. American Samoa Gov't*, 28 A.S.R.2d 151, 154 (Trial Div. 1995). In this case, however, BOH has offered direct evidence showing the amount of debt presently owed by Gertrude, and we have scrutinized the evidence provided. *See Scalise v. Gorniak*, 26 A.S.R.2d 85 (Trial Div. 1994); *see also Bank of Hawaii v. Ieremia*, 8 A.S.R.2d 177 (Trial Div. 1988). We therefore instruct BOH to provide this Court with a proposed order of default judgment against Gertrude on the promissory note for the Court's review.

## Order

Gertrude's motion to set aside the clerk's entry of default is denied. BOH is granted a default judgment against Gertrude on the promissory note and is directed to submit a proposed order of default judgment. It is so ordered.