**Keith FLOWER, Plaintiff,**

v.

**NORDSEE, INC., Defendant.**

**Civ. No. 85–0377P.**

United States District Court, D. Maine.

April 1, 1987.

See also, 657 F.Supp. 235.

---

Daniel R. Judson, Thomas J. Hunt, Boston, Mass., Richard Morton, Farmington, Me., for plaintiff.

Neal K. Stillman, Portland, Me., Leonard W. Langer, Portland, Me., for defendant.

**MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTIONS FOR SANCTIONS AND FOR CONTINUANCE**

GENE CARTER, District Judge.

This matter was before the Court on March 16, 1987 for Final Pretrial Conference, at which time there was pending the Defendant's Motion for Sanctions, filed on March 2, 1987. The matter was then scheduled as the second case on the Court's April-May 1987 Civil Jury Trial List to commence on April 6, 1987. The matter presently remains so scheduled for trial.

The Court heard the Defendant's then-pending motion at the Final Pretrial Conference and found that Plaintiff's counsel "has willfully and deliberately disregarded both the Scheduling Order entered on October 3, 1986 and the Court's Order to Compel Discovery of February 5, 1987." *See* Report of Final Pretrial Conference and Order, filed on March 18, 1987 (Docket Item # 21), ¶ (3)(b), at 4–5. The Court further found that "this failure of compliance has placed defense counsel at an unfair disadvantage in terms of preparing for the claims to be asserted by Plaintiff at trial, both in respect to liability and damages, and in respect to effective cross-examination of witnesses at trial by defense

counsel and presentation of the Defendant's own evidence." *Id.* The Court noted that the situation thus-created posed a threat of the following actions by the Court in order to assure a fair trial to the Defendant: either the continuance of trial, or an order limiting the Plaintiff's evidence at trial for discovery violations. In an effort to avoid such eventualities, the Court ordered the prompt production by Plaintiff's counsel of specific information previously requested during discovery in a timely manner by defense counsel. *See* Report of Final Pretrial Conference and Order, *supra,* ¶ (2)(a)–(c).

Plaintiff has now filed supplemental responses to the discovery requests in issue, and the matter is back before the Court on the Defendant's presently pending Motion for Sanctions and Motion for Continuance, filed on March 26, and March 27, 1987.

■ Hearing was held on said motions on March 31, 1987. Having heard and considered the oral arguments and the written submissions of the parties on the motions, the Court is satisfied that the Defendant's motions must be granted in part and that this matter must be removed from the trial list and continued for trial for a period of sixty (60) days. It is clear to the Court that Plaintiff's counsel has failed to comply with the Court's most recent order in respect to supplemental answers to interrogatories and production requests of defense counsel. It is equally clear that the Defendant remains unfairly disadvantaged by Plaintiff's failure to provide specific and verifiable information as to the Plaintiff's earnings and work history, both prior to and after the accident in question, and as to his opportunities for employment and the financial incidence of such employment which he claims to have lost as a result of his injury. In addition, no more detailed information in respect to his claim for maintenance, consisting of sums for which Plaintiff claims to be indebted to his parents, has been provided.

· Compounding the unfairness of the Defendant's situation is the fact that the discovery done under the Court's Order of March 18, 1987 now indicates that the medical claims previously asserted by the Plaintiff have significantly expanded, particularly in the respects indicated in the deposition testimony of Dr. Robert P. Waterhouse, taken on March 19, 1987. The Court finds that the Defendant will not reasonably be able to meet or counter this testimony with its own expert testimony if the case proceeds to trial as now scheduled.

Clearly, to force Defendant to trial in this circumstance, when defense counsel has been completely diligent in trial preparation and discovery and when the deliberate and continuing noncompliance of Plaintiff's counsel with his own discovery obligations and the orders of this Court entered herein is the sole cause of that circumstance, would be most unfair and would constitute a gross perversion of both the discovery processes of this Court and of the trial process itself. Accordingly, the case is hereby *REMOVED* from the April-May 1987 Civil Jury Trial List and rescheduled to be tried at the first available opportunity after June 1, 1987. The sole reason that more severe sanctions, such as entry of default against the Plaintiff or limitations of the Plaintiff's evidence at trial, have not been imposed is the Court's reluctance to penalize a party for the lack of diligence of counsel.

■ As indicated in the Report of Final Pretrial Conference and Order of March 18, 1987, the Court is fully satisfied that the conduct of Plaintiff's counsel is deserving of severe condemnation. That conduct has occasioned the need for defense counsel to submit and brief, pursuant to Local Rule 19, no fewer than three motions for sanctions and to engage in substantial late discovery activities. Further, the Court has expended its time and resources on two separate occasions to hear counsel on the motions in question, to decide the motions, and to consider and specify an expedited discovery schedule. Finally, the disobedience of the Court's Scheduling Order of October 3, 1986, its Order to Compel Discovery of February 5, 1987, and of ¶ (2)(c) of the Order of March 18, 1987, calls in into

question the authority of the Court and potentially depreciates its ability to effectively control its docket. For such reasons the Court finds a sanction upon counsel of One Thousand Dollars ($1,000.00) to be in order.

Accordingly, it is hereby ORDERED that:

(1) This matter be removed from the April-May 1987 Civil Jury Trial List and rescheduled for trial at the first available opportunity on the Court's docket after June 1, 1987.

(2) The Plaintiff shall, within ten (10) days of this date, file supplemental responses to all outstanding interrogatories and production requests of the Defendant, responding fully, specifically, and in evidentiary detail to all such interrogatories and production requests. *Failure to fully and adequately respond hereto will result in entry of default against the Plaintiff.*

(3) Plaintiff's counsel shall pay to defense counsel, on or before April 13, 1987, the amount of One Thousand Dollars ($1,000.00) as a sanction on counsel for failure to comply with counsel's discovery obligations herein. This sanction is specifically imposed upon counsel and shall not be charged back to the Plaintiff herein.