Theodore S. MORGAN, Plaintiff,

v.

Christopher HATCH, individually, Mark Jeffrey Rosen, individually, and Christopher Hatch, Mark Jeffrey Rosen, and Thomas T. Riquiere, as partners forming a partnership known as the Liberty Group, Defendants.

Civ. No. 86–0019–P.

United States District Court,
D. Maine.

Nov. 25, 1987.

Alfred C. Frawley, Brann Isaacson & Freeman, Lewiston, Me., Robert Gregory, Damariscotta, Me., for plaintiff.

Maria J. Woodford, Richard E. Bachman, Hale Sanderson Byrnes & Morton, Boston, Mass., E. James Burke, Longley, Whalen & Burke, Lewiston, Me., for defendants.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

### I. *Procedural History*

In his complaint filed January 6, 1986, Plaintiff alleges that he hired Defendants to provide investment advice and service. Upon Defendants' recommendation, Plaintiff acquired limited partnership interests in several partnership syndicates purportedly owning Arabian Stallions for breeding and resale. Defendants allegedly held themselves out as the manager of the partnership syndicates' investments. Plaintiff asserts that the syndicates failed to purchase two of the six horses, bought the other four horses at vastly inflated prices, and were charged with unreasonably high expenses. Plaintiff alleges breach of fiduciary duty (Count I); negligence (Count II); violation of federal and Maine securities acts (Count III); common law fraud, deceit, and misrepresentation (Count IV); and violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* (Count V).

Since filing their answer, Defendants have consistently failed to comply with discovery requests, respond to Plaintiff's mo-tions, or obey the Rules of Court. For example:

(1) On August 11, Plaintiff filed a motion to compel Defendant Hatch to answer Plaintiff's second set of interrogatories. Defendant never responded. On September 8, this Court granted Plaintiff's motion to compel, and ordered Defendant Hatch to serve answers to the interrogatories by September 18, 1986. The Court reserved action on Plaintiff's motion seeking expenses. Having failed to receive any answers, on September 29 Plaintiff filed a Motion for Imposition of Sanctions, and requested the Court to render a judgment by default, pursuant to Fed.R.Civ.P. 37(b)(2)(C). Defendant failed to file an objection to Plaintiff's motion, and on November 6, the Court ordered that default be entered against Defendant Hatch. The Clerk entered default on November 7. On December 2, Plaintiff filed a Motion for Entry of Judgment by Default in the Amount of $317,680.50, plus attorney's fees, costs, and interest.

(2) The Magistrate's Scheduling Order of February 21 required Defendants to respond to Plaintiff's settlement demand by August 22. Defendants failed to do so. On August 29, Plaintiff filed a motion to compel Defendants to make a good faith settlement offer. To date, Defendants have not complied with the Magistrate's order.

(3) On September 30, Plaintiff filed a motion for summary judgment along with a detailed statement of material facts on Count III, which alleges violation of the Securities Act of 1933, 15 U.S.C. § 77l (1982), and the Maine Securities Act, 32 M.R.S.A. §§ 751–891, *repealed by* Revised Maine Securities Act, 1985 Me.Laws ch. 400, § 2. Defendants failed to respond. After carefully considering the facts set forth by Plaintiff, *see McDermott v. Lehman*, 594 F.Supp. 1315 (D.Me.1984), the Court concluded that Plaintiff was entitled to judgment as a matter of law. The Court determined that the interest acquired by Plaintiff was a "security" for the purposes of state and federal securities law, and Defendants violated state and federal secu-

rities statutes by failing to file a disclosure or registration statement. The Court also found that under Maine law Plaintiff was entitled to recover costs and attorneys' fees. Finally, the Court held that Defendants were partners, and therefore were jointly and severally liable for Plaintiff's damages. *Morgan v. Hatch*, Civ. No. 86–0019–P (D.Me. Nov. 18, 1986). The Clerk subsequently entered a judgment of $56,-907.00 against Defendants on Count III.

(4) On August 29, Plaintiff served requests for admissions on Defendants, but Defendants never responded. On October 14, Plaintiff filed a motion requesting the Court to order that the Requests for Admissions directed to Defendants be deemed admitted. Defendants never filed an objection, so the Court granted Plaintiff's motion on November 6.

(5) Defendants filed a Motion to Remove Default and Opposition to Entry of Default Judgment on December 8, but counsel neglected to sign the pleading and it was stricken, pursuant to Fed.R.Civ.P. 11. A properly signed Motion to Remove Default was filed on December 18. On December 29, more than a month after the Court granted summary judgment on Count III, Defendants brought a motion to vacate the judgment and permit the Defendants to file affidavits in opposition to Plaintiff's summary judgment motion.

(6) A final pretrial conference of the Court and counsel was held on December 29. Richard E. Bachman, Defendants' counsel, told the Court that Defendants had retained new counsel, Samuel Adams and Linda Meyer of Boston, to represent them in this matter. However, Mr. Bachman was unable to make any representation to the Court that he had advised Mr. Adams or Ms. Meyer of the final pretrial conference other than to say that he had mailed them a letter on the same day as the conference regarding the case. The Court continued the final pretrial conference until January 8, 1987. Mr. Adams and Ms. Meyer attended the January 8 conference, but

did not enter appearances on behalf of Defendants.

The issues currently before the Court are Defendants' Motion to Vacate Judgment and Summary Judgment Entered on Count III, Defendant Hatch's Motion to Remove Default, and Plaintiff's Motion for Entry of Judgment by Default. For the reasons stated below, Defendants' motions will be granted, and Plaintiff's motion will be denied. Finally, the Court finds that defense counsel's negligent and egregious conduct calls for the imposition of sanctions against him.

II. *Defendant's Motion to Vacate Judgment and Summary Judgment Entered on Count III*

Five weeks after the Clerk entered the judgment on Count III, Defendants brought this motion to vacate the judgment of November 19 and permit the Defendants to file affidavits in opposition to Plaintiff's summary judgment motion. Defendants premise their motion on Rule 60(b), citing "the mistake, inadvertence and excusable neglect of counsel." Defendants' reliance on Rule 60(b) is misplaced, however. The First Circuit has held that requests for review of an interlocutory district court decision "do not necessarily fall within any specific Federal Rule," but rather "rely on 'the inherent power of the rendering district court to afford such relief from interlocutory judgments ... as justice requires.'" *Greene v. Union Mutual Life Insurance Company of America*, 764 F.2d 19, 22 (1st Cir.1985) (quoting *Dow Chemical, USA v. Consumer Product Safety Commission*, 464 F.Supp. 904, 906 (W.D. La.1979)).[1] Thus, this Court is to consider Defendants' motion under an "interests of justice" standard, which is less stringent than the Rule 60(b) standard. *Greene*, 764 F.2d at 22–23.

In assessing where the interests of justice lie, the Court will consider several factors: (1) the egregiousness of defense counsel's conduct; (2) the prejudice caused to Plaintiff by the delay; (3) defense coun-

---

1. Pursuant to Fed.R.Civ.P. 54(b), the summary judgment granted on Count III was not a "final judgment," and the order is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

sel's proferred excuse for the delay; and (4) the prejudice to the Defendants themselves, who were not personally responsible for the delay. *Id.* at 23; *Greene v. Union Mutual Life Insurance Co.,* 623 F.Supp. 295, 297 (D.Me.1985). The Court finds that Plaintiff has suffered significant prejudice in the form of extensive delay and the cost of needless legal effort as a result of defense counsel's delay. The Defendants would, if the Court refused their request to respond to Plaintiff's summary judgment motion, suffer prejudice consisting of a denial of an opportunity for consideration of their defenses and the imposition of a significant monetary liability. Further, defense counsel's neglect of the case is egregious in the extreme and no sufficient reason explaining, much less excusing, that conduct is offered by defense counsel. However, the Court finds that on balance the prejudice to be sustained by these Defendants, who are not responsible for the conduct resulting in the procedural default on the motion for summary judgment, outweighs the delay and legal cost sustained by the Plaintiff. Plaintiff's prejudice can be substantially redressed by the Court's exercise of its sanction authority against defense counsel. Thus, Defendants' motion to vacate the summary judgment on Count III will be granted, but defense counsel's conduct, which was inexcusable and egregious, properly subjects him to the Court's inherent powers of sanction. *Goodwin v. Roper Industries, Inc.,* 113 F.R.D. 53, 54 (D.Me.1986).

### III. *Defendant Hatch's Motion to Remove Default*

■ Defendant Hatch filed this motion to remove default on December 18, approximately six weeks after the Clerk entered default and sixteen days after Plaintiff filed his Motion for Entry of Judgment by Default in the Amount of $317,680.50. The Court must consider six factors in determining whether an entry of default should

be set aside for "good cause" under Fed.R. Civ.P. 55(c): (1) the excuse or explanation for the default; (2) the existence of a meritorious defense; (3) prejudice to the other party; (4) the amount of money involved; (5) the good faith of the parties; and (6) the timing of the motion to set aside the default.[2] *Phillips v. Weiner,* 103 F.R.D. 177, 179 (D.Me.1984); *see also Grover v. Commercial Insurance Co. of Newark, N.J.,* 108 F.R.D. 366, 368 (D.Me.1985). The Court is satisfied that Defendant acted in good faith, his defense has merit for pleading purposes, *Grover,* 108 F.R.D. at 368, and the amount of money involved ($317,-680.50) is substantial. These factors outweigh defense counsel's lack of an adequate excuse for the default and the delay in bringing the motion to set aside the default. Further, the prejudice suffered by Plaintiff as a result of Hatch's delay, though significant in terms of lost time and legal costs, can be substantially redressed by the Court. Thus, these factors lead the Court to conclude that the entry of default should be set aside.

### IV. *Sanctions*

■ While the Court is reluctant to penalize a party for counsel's lack of diligence, the Court need not sit back helplessly as counsel cavalierly flaunts his disobedience of the Rules of Court. Defense counsel has failed to offer any adequate excuse for the default or for counsel's failure to file a timely objection to Plaintiff's summary judgment motion. Thus, counsel's conduct is the proper subject of the Court's inherent powers of sanction. *Goodwin,* 113 F.R.D. at 54.

Defendants have proferred several excuses for counsel's conduct. First, Defendants state that Mr. Bachman was originally retained by Transit Casualty Company (Transit) to defend this case pursuant to an insurance policy purchased by Defendants. However, a Missouri court ordered Transit liquidated in November 1985, and the Guar-

---

**2.** The "good cause" standard for relief from an entry of default is more liberal than the standards to set aside a judgment by default under Rule 60(b). *Phillips,* 103 F.R.D. at 179; 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure,* Civil 2d § 2692 at 471 ("courts are willing to grant relief from a default entry more readily and with a lesser showing than they are in the case of a default judgment.").

anty Fund Management Services (GFMS) assumed Transit's responsibilities on behalf of the Massachusetts insurance guarantee funds.[3] GFMS notified Defendants on October 1, 1986 that GFMS was declining coverage and withdrawing its defense. Defendants were given thirty days to obtain new counsel. Nevertheless, Mr. Bachman did not withdraw from the case, nor did substitute counsel appear in his stead. Neither Mr. Bachman nor the carrier undertook to institute an action for adjudication of the question of whether Defendants were entitled to a defense from the carrier. Mr. Bachman continued to appear on behalf of Defendants long after the thirty-day notice period specified by the carrier had expired. Defendants failed to respond to Plaintiff's motions because Mr. Bachman failed to devote his diligent attention to the interests of his clients, as required by the code of his profession. Rule 3.6(a), Code of Professional Responsibility (A lawyer "shall not ... neglect a legal matter entrusted to him.").[4] The omissions were not, as Defendants suggest, the result of the case "falling between the cracks" as counsel transferred it from one office to another; after all, Mr. Bachman had not transferred the case to substitute counsel before summary judgment and the default were entered. To the knowledge of this Court, counsel has still not transferred the case. No substitute counsel have formally appeared on behalf of Defendants.[5] Mr. Bachman's unprofessional conduct is wholly responsible for the morass into which this case has fallen. Such conduct is deserving of the highest censure.

The docket entries in this case reflect the immensity of Mr. Bachman's professional default. Besides his failure to object to Plaintiff's Motion for Summary Judgment, counsel neglected to respond to Plaintiff's interrogatories, Plaintiff's motion to compel answers to the interrogatories, and the Court's order to answer the interrogatories. When counsel finally attempted to remove the default, he neglected to sign the pleading and it had to be returned. He failed to make a settlement offer, as ordered by the Magistrate. He never responded to Plaintiff's requests for admissions, or Plaintiff's motion for an order deeming the requests for admissions admitted for failure to respond. He never objected to Plaintiff's motion for sanctions. Counsel was also unprepared when he came to the final pretrial conference on December 29, in contravention of Local Rule 21(c). Perhaps the best example of Mr. Bachman's complete disregard for this case is his confessed ignorance of the Court's grant of summary judgment more than a month after the Clerk entered the judgment on the record.[6] In short, counsel's failure to respond to the interrogatories and the summary judgment motion

3. In his Renewed Brief in Opposition to Entry of Default Judgment and in Support of Motion to Remove Default, Hatch identifies the Insurer's Insolvency Fund as Transit's successor.

4. Pursuant to Local Rule 5(d)(2), this Court has adopted the Maine Supreme Judicial Court's Code of Professional Responsibility.

5. At the Continued Pretrial Conference of January 8, 1987, Defendant Hatch's personal counsel, Samuel Adams, Esq. and Linda E. Meyer, Esq., appeared at the request of the Court. They declined to enter appearances on behalf of Mr. Hatch at that time in order to preserve Mr. Hatch's legal position as against Mr. Bachman and the insurers until Mr. Hatch's position in this case was determined by the Court on the then pending motions.

6. At the January 8, 1987 Pretrial Conference, the following colloquy took place:
MR. BACHMAN: As I told you last week, this case completely got away from me. On December 31st when I met with Linda Meyers [Defendant Hatch's personal counsel], very candidly, your Honor, I was not aware of the summary judgment that had been entered. I believe that I was not aware of that until after that.
THE COURT: Your office had not been notified in due course by the Court?
MR. BACHMAN: Absolutely. I don't deny that. I don't make excuses for my conduct. As I said before, this never happened to me, I'm terribly embarrassed and upset about it. I did not deliberately, I was very busy during October and November and I was not monitoring things the way I should have been, including this case, and that is the truth your Honor.... I apologize to everybody if an apology is necessary. If I could go back and do it all over again, obviously I would do it differently. I don't have anything else to say. Transcript at 13–14.

was but a part of a much larger pattern of neglect.

Defendants also state that during October and November 1986, counsel was extraordinarily busy with a full trial schedule and a motor vehicle tort action involving counsel's family. Such an excuse is not persuasive for two reasons. First, the fact that an attorney is busy with other matters does not excuse his neglect. *Pinero Schroeder v. Federal National Mortgage Association*, 574 F.2d 1117, 1118 (1st Cir. 1978). "Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences." *Id.* This policy is especially appropriate where, as here, the Court liberally grants timely motions for enlargement of time to respond. Defendants neglected to file such a motion. Second, the Court cannot understand how the fact that counsel was busy in October and November could possibly excuse his failure to respond to interrogatories which were served on June 26. Plaintiff had filed his Motion to Compel Answers and his Motion for Imposition of Sanctions as a result of Defendant Hatch's failure to answer before Mr. Bachman supposedly became so busy. Nevertheless, Mr. Bachman ignored these motions, too.

Counsel has repeatedly ignored the Rules of Court and has displayed arrogant disdain for the efficiency of this Court. Further, his actions have cost Plaintiff considerable time and effort unnecessarily and have seriously delayed the preparation and trial of this case. As a result of counsel's neglect, Plaintiff has had to file and brief two motions to compel, three motions regarding the entry of default, one motion opposing Defendants' motion to vacate summary judgment, one motion regarding sanctions, and one motion requesting attorney's fees. Despite all these factors, De-

fendants now assert that genuine issues of material fact exist,[7] and the Court is reluctant to punish Defendants for the inadequacies of counsel's performance where there has been a near total abandonment of professional responsibility.

Accordingly, the Court finds it appropriate to impose a sanction upon Defendants' counsel of Eight Thousand Dollars ($8,000.00). In determining the appropriate amount of the sanction, the Court has considered the following factors:

(1) Counsel's failure to comply with the Court's order to answer Plaintiff's interrogatories was absolutely inexcusable;

(2) Counsel was dilatory in filing a Motion to Remove Default, and the omission of his signature on the original motion was inexcusable;

(3) Counsel has not provided an adequate excuse for his failure to file a timely objection to Plaintiff's Motion for Summary Judgment;

(4) Counsel's conduct was egregious;

(5) Counsel's failure to object to the summary judgment motion was part of a larger pattern in which Mr. Bachman repeatedly ignored discovery requests and orders of this Court;

(6) Mr. Bachman's contumacious conduct has forced Plaintiff to expend significant amounts of time and resources unnecessarily in an effort to obtain relief;

(7) Counsel's conduct has created an immense and completely unnecessary burden upon the time and other resources of this Court and has impeded this Court's ability to devote itself to the adjudication of other litigants' meritorious claims;

(8) Counsel has followed a policy of delay and avoidance in violation of the Federal Rules of Civil Procedure and the Local Rules of this district;

---

7. At the January 8 Pretrial Conference, Defendant Hatch's personal counsel, Samuel Adams, stated:

If I'm to come out of here with [sic] collaterally estopped on some of the cases, I believe count 3, the Securities Act, this is not just Maine which would not hurt us elsewhere, but federal where it is found ruled, it is a security. And we think we have some arguments with respect to that issue. It is also ruled this is a partnership.

I feel there are good arguments with respect to that issue.

Transcript of Pretrial Conference at 20–21.

(9) The Court must deter other counsel from similarly improper conduct;

(10) The Court is entitled to expect litigants to comply with its Local Rules and respond to opponent's motions in a timely fashion;

(11) The law and processes of justice employed by this Court must be fairly and evenly applied to all parties, regardless of their respective status or resources;

(12) The sanction must have sufficient adverse effect upon counsel to constitute a credible punishment and deterrent to him and to others; and

(13) The sanction must avoid imposition of undue punishment above and beyond that required by the extent of the actual harm done by counsel.

See *Xaphes v. Merrill, Lynch, Pierce, Fenner & Smith*, 102 F.R.D. 545, 552–53 (D.Me.1984). In recognition of the Court's reluctance to penalize a party for counsel's lack of diligence, the sanction is imposed upon counsel and shall not be charged back by him to Defendants. *Flower v. Nordsee*, 115 F.R.D. 262, 263–64 (D.Me.1987).[8]

Accordingly, it is hereby ORDERED that:

(1) Defendant Hatch's Motion to Remove Default, and Defendants' Motion to Vacate Judgment and Summary Judgment Entered on Count III of Plaintiff's Complaint are hereby GRANTED; the default of Defendant Hatch entered upon the record on November 7, 1986, the order entered on the record on November 18, 1986, and the judgment entered on November 19, 1986 on Count III of the Complaint are to be STRICKEN *on condition that* the Defendants' counsel, Richard E. Bachman, pay to Plaintiff's counsel, not later than fifteen (15) days from the date of this order, the sum of Eight Thousand Dollars ($8,000.00) as a sanction for egregious and inexcusable neglect in his representation of the interests of the Defendants herein; otherwise, said order and judgment are to remain in full force and effect.

(2) If Plaintiff wishes to contend that defense counsel's conduct has legally caused Plaintiff to incur unnecessary counsel fees and expenses herein in excess of the sanction of Eight Thousand Dollars imposed hereinabove, they shall file, within fifteen (15) days of the date of entry of this order, a written motion, fully supported under Local Rule 19, seeking recovery of such fees against defense counsel, Mr. Bachman, as an additional sanction; Mr. Bachman shall respond to such motion as required by Local Rule 19; and the Court shall forthwith determine such motion.

(3) It is further ORDERED that Defendant Hatch serve Plaintiff with answers to Plaintiff's June 26, 1986 interrogatories within twenty-one (21) days of the date of entry of this Order.

(4) It is further ORDERED that Defendants shall file an objection to Plaintiff's summary judgment motion and a statement of material facts pursuant to Local Rule 19(b) within twenty-one (21) days of the date of entry of this Order unless that time is further enlarged by order of this Court.

(5) Plaintiff's Motion Pursuant to Rule 55(b) for Entry of Judgment by Default is hereby DENIED.

---

**8.** Pursuant to Local Rule 5(e)(1) of this Court, this opinion will be forwarded to counsel for the Maine Board of Overseers of the Bar for its investigation of Mr. Bachman's conduct herein to determine if further disciplinary action is warranted.