936 F.2d 573
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TOLEDO HOTEL INVESTORS LIMITED PARTNERSHIP, Plaintiff-Appellee,
v.
AMERICAN CONTRACT DESIGNERS, INC. and Melanie Reiner, Defendants,
Milton Reiner, Defendant-Appellant.
 No. 90-3807.
 United States Court of Appeals, Sixth Circuit.
 July 1, 1991.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Milton Reiner appeals the district court's denial of his motion to set aside the default judgment. For the following reasons, we AFFIRM.
 
 
 2
 On October 19, 1988, plaintiff Toledo Hotel Investors ("Toledo") brought this suit alleging breach of contract, false representations, and fraud arising out of a contract entered into between Toledo and defendant American Contract Designers, Inc. ("ACD"). The complaint also alleged that Milton Reiner ("Reiner") and Melanie Reiner, officers of ACD, made misrepresentations to Toledo in the context of their business relationship which constituted fraud. Reiner and Melanie Reiner were alleged to be personally liable for the damages resulting from such misrepresentations and fraud.
 
 
 3
 Toledo made several attempts to serve Reiner, but was not successful until May 23, 1989. Reiner failed to respond to the complaint, and Toledo filed and served upon Reiner an application for entry of default on July 24, 1989, which was entered by the clerk two days later. On August 21, 1989, Lori Reiner, Reiner's daughter and an attorney with the firm of Bennett, Bricklin & Saltzburg ("BB & S") filed an entry of appearance for herself and BB & S. The court treated it as a motion to appear pro hac vice and granted the motion. She did not, however, file any motion to set aside the entry of default, and she also failed to either attend the status call on the default, or the damages hearing on the default judgment, despite notice from the court.
 
 
 4
 On February 26, 1990 a motion to set aside the default judgment was filed by BB & S on behalf of Reiner. As grounds for the motion Reiner argued that his failure to respond was due to his severe depression; and second, that Lori Reiner's neglect of the case was attributable to her intimate emotional involvement. The motion was supported by the affidavits of Reiner, Lori Reiner and Reiner's psychiatrist, Dr. Howard Green.
 
 
 5
 The district court denied the motion, holding that Reiner's actions unequivocally displayed an intention to thwart judicial proceedings and that he failed to present a meritorious defense. This appeal followed.
 
 II.
 
 6
 The mechanism for setting aside default judgments is Fed.R.Civ.P. 60(b), which provides that a court may relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect, or any other reason justifying relief from operation of the judgment. Fed.R.Civ.P. 60(b)(1) & (6). See Amernational Indus. v. Action-Tungsram, Inc., 925 F.2d 970, 975 (6th Cir.1991). In determining whether to set aside entry of default judgment, a court must weigh the following three factors: (1) whether the plaintiff will be prejudiced from reopening the case; (2) whether the defendant has a meritorious defense; and (3) whether the culpable conduct of the defendant lead to the default. United Coin Meter Co. v. Seaboard Coastal Line RR, 705 F.2d 839, 845 (6th Cir.1983).
 
 
 7
 The decision to grant or deny a Rule 60(b) motion is discretionary with the district court and will be reversed on appeal only if we find that the district court abused that discretion. Amernational, 925 F.2d at 975. "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." Id. (citation omitted).
 
 
 8
 Our first inquiry under United Coin is whether plaintiff will be prejudiced if the judgment is vacated. Delay alone is not a sufficient basis for establishing prejudice; rather it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion. INVST Fin. Group v. Chem-Nuclear Systems, 815 F.2d 391, 398 (6th Cir.1987). In the instant case the district court did not make a specific finding as to this factor. However, Toledo argues that from the onset of this lawsuit, Reiner and his attorneys have presented the district court and Toledo with ever changing legal theories and factual assertions, and further delay will provide for greater opportunity for fraud and collusion between defendant and his counsel. This allegation is borne out by the pattern of conduct already exhibited in this case.
 
 
 9
 The second factor to be considered is whether defendant has a meritorious defense to the suit. Meritorious defense is defined as any defense which "states a defense good at law;" and it is sufficient if it contains "even a hint of a suggestion which, proven at trial, would constitute a complete defense." INVST, 815 F.2d at 398-99 (citations and quotations omitted). As noted by the district court, defendant in his proposed answer generally denied the fraud, and he argued below that ACD performed its contractual obligations and that any failure to perform was due solely to its financial difficulties. The district court found however that this defense was not a defense to any fraud he might have committed personally in his capacity as an officer of ACD. We agree and thus, find no abuse of discretion as to this finding. See Maine Nat'l. Bank v. F/V Cecily B., 116 F.R.D. 66 (D.Me 1987) (general denials or conclusory statements that defense exists are insufficient to demonstrate meritorious defense as factor favoring setting aside default judgment).
 
 
 10
 Finally, we must examine defendant's culpability. To be treated as culpable, "the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct in those proceedings." INVST, 815 F.2d at 399 (quoting Shepard Claims Serv., Inc. v. William Darrah & Assoc., 796 F.2d 190, 194 (6th Cir.1986)).
 
 
 11
 Here the district court relied upon a number of factors. First, the court found that Reiner actively and admittedly avoided service of process in this case. Reiner admitted in deposition testimony that he had received at least two copies of the complaint through regular mail and that it was his practice to avoid accepting certified mail. He also admitted that he was cognizant of the requirement of filing an answer to the complaint. Thus, as the district court found, Reiner was responsible for the initial nine month delay of this suit.
 
 
 12
 Secondly, as also found by the district court, Reiner submitted false information to the court. Lori Reiner drafted and submitted the affidavit from defendant's psychiatrist Dr. Green to explain why her client had evaded service of process and failed to respond to the complaint brought against him in 1989 the year the suit was filed. Yet she did not mention the relevant time period to Dr. Green and failed to put it in the affidavit. The affidavit later had to be withdrawn after the deposition testimony of the doctor revealed that Reiner's depression was in remission in 1989. Third, after this excuse was no longer viable, Reiner and counsel advanced the excuse of financial impecunity. Yet, as noted by the district court, other than Reiner's testimony that he had only $800 in a checking account, no financial information was submitted to the court to allow it to determine whether defendant was financially unable to retain counsel.
 
 
 13
 Finally, defendant's attempts to separate his conduct from that of his attorney, are similarly unavailing. As correctly noted by the district court, in Shepard Claims the delay was the result of misunderstanding between counsel, not deliberate neglect on counsel's part. Here, counsel actively mislead her client, disregarded court notices to attend two hearings and failed to file a motion to vacate the entry of default. Further, Lori Reiner stated that her personal involvement prevented her from performing her duties as an attorney in this case. Yet after plaintiff exposed the lack of Reiner's mental incapacity during 1989, Lori Reiner's conduct was then characterized as "culpable". In any event, she failed to provide any support for her mental incapacity claim, such as a psychiatrist's affidavit.
 
 
 14
 After carefully reviewing the record, we conclude that the district court articulated sufficient reasons for refusing to set aside the default judgment. The conduct of defendant and his counsel in this case far exceed the type of conduct that can be deemed "excusable neglect." Thus we are unable to say that the trial court committed a clear error of judgment. AFFIRMED.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation