Angel M. VIERA AVILÉS, Plaintiff,

v.

SUIZA DAIRY CORP., Defendant.

No. Civ. 01–1552GAG.

United States District Court, D. Puerto Rico.

March 20, 2002.

Godwin Aldarondo–Girald, Erickson Sánchez–Preks, San Juan, P.R., for plaintiff.

Edwin J. Seda–Fernández, Carlos R. Paula, San Juan, P.R., for defendant.

## OPINION AND ORDER

GELPI, United States Magistrate Judge.

On July 19, 2001 plaintiff Angel M. Viera–Avila (hereinafter "Viera") filed a motion for entry of default judgment against defendant Suiza Dairy Corporation (hereinafter "Suiza") pursuant to Fed.R.Civ.P. 55(a). (*See* Docket No. 3). The Clerk of the Court entered default against Suiza on July 20, 2001. (*See* Docket No. 4).

On September 28, 2001, defendant Suiza filed a Notice of Attorney Appearance and a Motion to Stay Proceedings. (*See* Docket No. 13). Thereafter, an evidentiary hearing was held on November 2 and 6, 2002. (*See* Dockets No. 30, 32 and 33). Defendant filed a motion to set aside the entry of default pursuant to Fed.R.Civ.P. 55(c) on March 8, 2002. (*See* Docket No. 44). The Court held an evidentiary hearing to determine whether or not the defendant had met its burden of showing good cause to set aside the default.

## BACKGROUND

The facts leading to this case are undisputed. Plaintiff Viera filed charges of age discrimination against defendant Suiza Dairy before the E.E.O.C. on January 28, 2000. Defendant answered said charges and was represented by counsel before the Anti–Discrimination Unit. The E.E.O.C. issued a right-to-sue letter on March 1, 2001, which defendant Suiza Dairy received. Plaintiff Viera then filed the present lawsuit against defendant on May 1, 2001. (*See* Docket No. 1). Thereafter, on May 10, 2001, the Clerk of the Court issued the summons for Suiza Dairy.

It is at this point in the chronology that the parties differ as to the facts leading to the default. Plaintiff Viera asserts that the summons and the complaint were served by Mr. Osvaldo Lamberty on June 12, 2001 at approximately 3:00 p.m. upon Suiza Dairy, through its authorized agent Ms. Lilliam R. Belén, Human Resources Manager. Defendant Suiza, on the other hand, contends that it was never properly served by the plaintiff. Most of the evidence presented at the hearing, and discussed later, centered around whether or not defendant was properly served.

A served summons was indeed filed in this Court on June 14, 2001. (Docket No. 2). On July 19, 2001, plaintiff filed a Motion requesting Entry of Default against Suiza for its failure to answer the complaint. (*See* Docket No. 3). The Clerk of the Court entered the default against defendant Suiza on July 20, 2001. (*See* Docket No. 4). Thereafter, on July 24, 2001, plaintiff filed a motion requesting that a trial date be set and acquiescing that the case be heard before a United States Magistrate Judge. (*See* Docket No. 5). After a pre-trial conference on August 14, 2001, the undersigned Magistrate Judge informed the plaintiff that the case could not be tried without the consent of defendant, however, the Court would hold an evidentiary hearing and issue a report and recommendation as to the issue of damages. An evidentiary hearing as to damages was held on September 24 and 25, 2001. (*See* Docket Nos. 8, 10, 11 and 12).

After the hearing was concluded, but before the Court issued its final opinion pertaining to damages, defendant Suiza filed a Notice of Attorney Appearance and a Motion to Stay Proceedings on September 28, 2001. (*See* Docket No. 13). In this motion, defendant alleges that its attorney discovered fortuitously Suiza's alleged default on September 27, 2001, when the attorney was looking through the PACER system in an effort to find out if the plaintiff had filed a claim.[1] On

---

1. Defendant contends that it was understandable for counsel to check the PACER system in an effort to find if a claim had been filed against them, given that it was well aware of plaintiff's

October 5, 2001, a status conference was held before the Court, and subsequently on October 12, 2001, defendant Suiza Dairy informed the Court that a copy of the complaint without the summons had been found at Suiza's premises and thus defendant had been wrongly served. (*See* Docket No. 21). An evidentiary hearing was held on November 2 and 6, 2002. (*See* Dockets No. 30, 32 and 33).[2]

## ANALYSIS

A court may vacate an entry of default for "good cause shown". Fed.R.Civ.P. 55(c). The "good cause" threshold for relief from default is lower and more easily overcome than the showing necessary for relief from judgment under Fed.R.Civ.P. 60(b). *See Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989).

█ Even though the caselaw does not set forth a precise formula to determine "good cause," the First Circuit has enumerated several guidelines when determining whether a default should be set aside: "(1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion." *McKinnon v. Kwong Wah Rest.*, 83 F.3d 498, 503 (1st Cir.1996) (citing *Coon v. Grenier*, 867 F.2d at 76). *See also Conetta v. National Hair Care Centers, Inc.*, 236 F.3d 67, 75 (1st Cir.2001).

### I. Willfullness

█ Defendant Suiza contends that it did not learn of the pendency of this action until after the Clerk entered the default. Indeed, defendant's argument goes a step further: defendant could not have known of the lawsuit because it alleges that it was never properly served with the summons and complaint in accordance with the Federal Rules of Civil Procedure. However, defendant's assertion is contradicted by both direct and circumstantial evidence presented at the evidentiary hearing.

First, defendant Suiza claims that it had no knowledge of its pending legal problems involving plaintiff Viera. The record simply does not support this allegation. Suiza knew of Viera's claims given that: (1) it had previously defended an administrative charge stemming from the same allegations of discrimination; (2) it had received a right-to-sue letter; (3) the fact that Suiza's attorney was searching through the PACER system indicates that it was anticipating an eventual lawsuit; and, most importantly, (4) the Court finds that the evidence presented at the evidentiary hearing supports plaintiff's allegation that Suiza was indeed served properly and according to law.

Most of the evidence presented at the hearing, which was contradictory in nature [3], pertained to the issue of whether or not plaintiff properly served Suiza through its agent Ms. Belén. The Court finds that the testimony of the process server, Mr. Lamberty, in conjunction with that of the guards who controlled the entrance to Suiza's premises, to be more credible and probable than that of the employees of Suiza's Human Resources Department. This conclusion is buttressed by the fact that a copy of the complaint was later found at a hanging folder in Ms. Vanessa Boneta's [4] office. There was evidence presented at the hearing of a transition period (particularly between May and June of 2001) whereby Ms. Benítez, the pre-

---

previous administrative claim and the fact that the agency had issued plaintiff a right-to-sue letter.

2. Defendant Suiza Dairy, as well as plaintiff, consented to the exercise of jurisdiction by the undersigned. *See* Docket No. 33.

3. The witnesses for the plaintiff (mainly the process server and the guards) testified that Mr. Lamberty did go to Suiza's facilities on the date in question and did indeed ask to go to the Human Resources office to serve the summons and the complaint. Defendant's witnesses, who were primarily employees of Suiza's Human Resources Department deny ever seeing Mr. Lamberty on the date in which the service was allegedly made, or ever receiving a complaint and/or summons in this case.

4. Ms. Vanessa Boneta is Suiza Dairy's Human Resources Director.

vious Human Resources Director, was being replaced by the current director, Ms. Boneta. This change in management coincides with the date in which the complaint and summons were served, and might very well explain the documents' apparent disappearance or misplacement.

In sum, the Court finds defendant Suiza's explanation of its lack of apparent knowledge of this lawsuit unsatisfactory. In addition, given the aforementioned facts, the Court finds that defendant's conduct was inexcusable. Even though there is no evidence that the delay in appearing before this Court was deliberate, the actions on the part of Suiza amount to extreme negligence, and thus support a finding that the default was willful. Unfortunately for Suiza, counsel's as well as Ms. Boneta's extremely diligent efforts to remedy the company's prior negligence, came too late.

## II. Prejudice

■ There is evidence in the record indicating that the lifting of the default would indeed cause "substantial prejudice" to plaintiff. Viera already presented evidence as to his alleged damages during a two-day hearing in this Court. Plaintiff's treating physician, who testified at length as to plaintiff Viera's emotional distress allegedly caused by defendant's actions, no longer resides in Puerto Rico. Indeed, this witness informed the Court during the evidentiary hearing of his upcoming relocation and the fact that plaintiff Viera would need to continue treatment with another physician as a result of this. "Prejudice is demonstrated where 'circumstances have changed since the entry of the default such that plaintiff's ability to litigate its claim is now impaired in some material way or if evidence has become lost or unavailable.'" *Reilly v. Keystone Health Plan East, Inc.*, 1998 WL 422037 at *2 (E.D.Pa.) (citing *Angelo Bros. v. A & H Co.*, 1996 WL 571720 at *2 (E.D.Pa.)). Under the aforementioned circumstances, opening the default would prejudice plaintiff Viera.

## III. Meritorious defense

■ "In order to show the existence of a meritorious defense, a party seeking relief

from entry of default must present more than general denials or conclusory statements." *Curtin v. Proskauer, Rose Goetz & Mendelsohn Group Long Term Disability Plan*, 2002 WL 273300 at *3 (D.Me.) (citing *Maine Nat'l Bank v. F/V Cecily B*, 116 F.R.D. 66, 69 (D.Me.1987)). In this case, defendant Suiza Dairy has clearly failed to raise the existence of a meritorious defense, given that there is no representation on the record (by means of an answer to the complaint, a motion to dismiss, or an affidavit) of specific facts suggesting the existence of a meritorious defense. Given that the Court will not assume the existence of a meritorious defense, this factor weighs in favor denying the motion to set aside of default.

## IV. Explanation for default

Defendant's explanation for the default is that it lacked knowledge of the pending litigation given that it was not properly served. The Court found this argument, which was discussed in the section dealing with "willfulness," to be unpersuasive given the evidence presented at the hearing relative to the service of process.

## V. Good Faith of Parties

The factor of "good faith" seems to have little application in this case. The record indicates that both parties have acted in good faith. If one believes defendant's allegation that it was unaware of the litigation, it is clear that once aware of the same Suiza made considerable efforts to respond to plaintiff's allegations in a prompt and professional manner. It could be argued that defendant should have known of the imminency of the suit given that it had received the right-to-sue letter, or even that knowledge of the suit should be assumed because the evidence at the hearing suggests that it was properly served. Nonetheless, this assumption suggests gross negligence on the part of the defendant, not bad faith. Similarly, there is no evidence that plaintiff Viera acted in bad faith.

## VI. Amount of Money Involved

Plaintiff Viera is claiming $3,000,000.00 dollars in damages, back pay, future earnings

**342**

and expenses. Considering that defendant Suiza is a large corporation this amount is not unusual in comparison with other age discrimination cases in this district court. However, because this Court understands that three million dollars is a substantial amount of money, this factor seems neutral and does not weigh either in favor or against either party.

### V. Timing of the Motion

Likewise, the timing of Suiza's motion to lift the default weighs against granting it. Even though Suiza's counsel diligently entered an appearance in the case as soon as he became aware of the existence of the lawsuit, this happened almost five (5) months after the filing of plaintiff Viera's complaint. As previously mentioned, Suiza asserts that it was not properly served with the summons and the complaint in this case, and that the only reason it knew of the lawsuit's existence was due to the fact that its attorney was randomly checking the PACER system. This fact actually weighs against the defendant: Suiza did indeed have some knowledge of plaintiff Viera's intentions to litigate this case given that Suiza's attorney was looking to see if an action had indeed been filed.

Most importantly, by the time defendant Suiza entered its appearance on September 28, 2001, default had been entered as of July 20, 2001, and the Court had conducted a two-day bench trial with several witnesses in an effort to assess the damages suffered by plaintiff Viera in this case. Certainly, given that the hearing on damages had been completed and the Court was in the process of making its determination based on said hearing, the timing of Suiza's motion to set aside the default substantially interfered with both the Court's disposition of the case and the plaintiff's efforts to litigate the same. *See, e.g., Reynolds v. Bar Harbor Whale Watch Co.*, 2001 WL 26205 at * 4 (D.Me.).

### CONCLUSION

Based upon the foregoing, and given that most, if not all of the facts tend to favor plaintiff Viera's position, the Court finds that defendant Suiza has failed to establish "good cause" to lift the default entered against it.

Thus, Suiza's "Motion to Set Aside the Default" (Docket No. 44) is hereby **DENIED.**

**SO ORDERED.**