**BRAND SCAFFOLD BUILDERS, INC., Plaintiff(s)**

v.

**PUERTO RICO ELECTRIC POWER AUTHORITY, et al., Defendant(s).**

No. CIV.03–1508(JAG).

United States District Court, D. Puerto Rico.

Jan. 25, 2005.

Alberto J. Perez–Hernandez, David Efron Law Offices, Luis F. Juarbe–Jimenez, Juan A. Lopez–Conway, Garcia & Fernandez, Edward W. Hill–Tollinche, Humberto Guzman–Rodriguez, Martinez Odell & Calabria, San Juan, PR, for Plaintiffs.

Francisco J. Ortiz–Garcia, P.R. Electric Power Authority, Edilberto Berrios–Perez, Fernando E. Longo–Quinones, Berrios & Longo, PSC, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before this Court is Defendant Puerto Rico Electric Power Authority's (hereinafter "PREPA") Motion to Set Aside Default Judgment. (Docket No. 36). Having reviewed Defendant's motion as well as Plaintiff Brand Scaffold Builders, Inc.'s (hereinafter "Brand") opposition (Docket No. 37), the Court hereby **DENIES** the request to set aside the default, but vacates the Default Judgment entered so that an appropriate judgment amount may be ascertained.

## PROCEDURAL BACKGROUND

The complaint herein was filed on May 9, 2003. (Docket No. 1). On September 2, 2003, summonses were returned executed as to Defendant PREPA. (Docket No. 4). On October 31, 2003, more than one month after the return of summons, the Clerk of the Court entered default against defendant PREPA (Docket No. 11). On July 30, 2004, almost a year after the return of summons, the Court entered a default judgment against PREPA in the amount of $482,375.07 for its failure to answer the complaint or enter an appearance in this case (Docket No. 30). The default judgment amount was based upon Plaintiff's Regional Manager, Randy Clouatre's, sworn statement itemizing the principal amounts owed by J.R. Insulation Sales and

Services, Inc. (hereinafter, "JR"), to Brand. (Docket No. 21). The Court notes that JR is not a party to this case and that its involvement in this action will be the subject of limited discussion.

After eleven (11) months of silence, Defendant PREPA now moves the Court to set aside the Default Judgment entered against it pursuant to Fed.R.Civ.P 55(c) and Fed.R.Civ.P 60(b)(1) alleging that there is good cause as to why a responsive pleading was not timely filed. PREPA claims that its prolonged hibernation was due to an institutional failure and that under the circumstances at hand, the event should be considered as an accident and not an intentional disregard to the orderly process in this action.

The Court will now discuss whether the grounds advanced by Defendant PREPA are legally sufficient to vacate the Default Judgment entered against it.

## STANDARD

▮▮▮ Under Rules 55(c) and 60(b), the determination of whether a party may be relieved of an entry of default or default judgment rests within the Court's sound discretion. See, *McKinnon v. Kwong Wah Restaurant*, 83 F.3d 498, 502 (1st Cir. 1996); *Maine National Bank v. F/V Explorer*, 833 F.2d 375, 378 (1st Cir.1987). Upon consideration of a motion for relief from a judgment, the Court may take into account equitable principles while engaging in a balancing test where the opportunity to hear the merits of a litigant's claim must be balanced against the desire to achieve finality in litigation. *See,* 11 Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 2857 (2d ed.1995).

Fed.R.Civ..P. 55(c) states that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, [the court] may

likewise set it aside" in accordance with Rule 60(b). Fed.R.Civ.P. 60(b)(1,6), provides, in relevant part, relief from a final judgment for "mistake, inadvertence, surprise or excusable neglect" or for "any other reason justifying relief from the operation of the judgment."

The First Circuit has held that setting aside an entry of default under Rule 55(c) is a case-specific determination that must encompass an assessment of a series of factors such as 1) whether the default was willful; 2) whether setting it aside would prejudice the adversary; 3) whether a meritorious defense is presented; 4) the nature of the defendant's explanation for the default; 5) the good faith of the parties; 6) the amount of money involved; and 7)the timing of the motion. *McKinnon v. Kwong Wah Rest.*, 83 F.3d 498, 503 (1st Cir.1996)(*citing, Coon v, Grenier* 867 F.2d 73). The Court has further explained that the probing of these factors "must be made in a practical, commonsense manner, without the rigid adherence to, or undue reliance upon, a mechanical formula." *Id.*

■ To prevail on a Rule 60(b) motion, the party seeking to have judgment vacated bears a heavy burden to show both 1) a good reason for the default and 2) the existence of a meritorious defense. *See, American Metals Serv. Exp. Co., v. Ahrens Aircraft, Inc.*, 666 F.2d 718 (1st Cir. 1981). It should be noted that the Rule 55(c) "good cause" threshold is lower and more easily overcome than the showing necessary for relief from judgment under Fed.R.Civ.P. 60(b). *See, Coon*, 867 F.2d at 76; *Viera Aviles v. Suiza Dairy Corp.*, 206 F.R.D. 338 (D.P.R.2002). Furthermore, the First Circuit has held that when a default judgment is not "final", pursuant to Rule 54(b), the motion should be considered under a Rule 55(c) standard for relief, rather than the more stringent standard under Rule 60(b). *FDIC v. Francisco Inv. Corp.*, 873 F.2d 474, 478 (1st Cir.1989).

■ Because the default judgment in this case is not final, we must apply the more liberal standard weighing the full panoply of relevant circumstances and "resolving doubts in favor of a party seeking relief". *See, Coon*, 867 F.2d at 76.

## DISCUSSION

■ PREPA's excuse for the default limits itself to explain that its Opinion and Contracts Division handles an enormous amount of documents on a daily basis, and that, although every effort is employed to properly handle the documents received, accidents do happen. (Docket No. 36 at 4). The Court recognizes that accidents do happen and that the complaint may have been inadvertently misplaced among other documents without ever finding its way to the appropriate division for an adequate course of action. However, even if viewed with a large measure of indulgence, PREPA's vague explanation for its failure to timely respond in this case clearly falls short from being "good cause" under Rules 5(c) and 60(b)(1).

In *Kryzak v. Dresser Industries*, the District Court reprimanded the administrative carelessness but granted the motion to set aside of the default because the defendant made a showing of good cause through supporting affidavits that explained why the complaint documents were internally misfiled and not handled appropriately, 118 F.R.D. 12 (D.Me.1987). Furthermore, in *Nicholson v. Allied Chemical Corp.*, the District Court granted the motion to set aside the entry of default because the defendant made a showing that its failure to answer the complaint was due to a clerical mistake that was contrary to a routine office procedure that had been followed without error for more than eleven years, 200 F.Supp. 206 (E.D.Pa.1961). In this case, PREPA's excuse is not supported by specific facts spelling the proce-

dure or manner in which documents are handled in the ordinary course of business, how such documents are eventually routed to their respective departments, or the kind of safeguards that PREPA has in place in order to avoid the averred "accident." In sum, Defendant PREPA has failed to make a sufficient showing of good cause to set aside the default entered, and although the circumstances that led to the entry of default cannot be characterized as willful, they could properly be deemed to be grossly negligent so as to preclude setting aside the default.

■ The Court nonetheless concurs with PREPA that 1)there is good faith behind its effort to set aside the judgment, 2)the amount of money involved is quite large and 3)the motion was timely filed. With that said, the Court will now assess whether there is a valid defense as a matter of law that could change the amount embodied in the default judgment.

This is a breach of contract claim in which Plaintiff's action arises under Article 1489 of the Puerto Rico Civil Code, 31 L.P.R.A. § 4130 which states that:

"Those who furnish their labor and materials in a work agreed upon a lump sum by a contractor have no action against the owner, except for the amount the latter may owe to the former when the action is brought."

PREPA is the owner of certain projects where, JR Insulation Sales & Services, Inc. ("JR") was the contractor and Plaintiff Brand Scaffold Builders, Inc. provided scaffolding material and services to the project sites, through JR. PREPA avers that Brand, as a supplier of materials, does not have a valid Article 1489 claim because: 1) Brand failed to make a direct claim to the owner of the project as defined in *Edwin. V. Goss, Inc. v. Dycrex Construction*, 141 D.P.R. 342 (1996)[1], 2)any amount owed to JR had already been paid or simply discounted as set offs; and in the alternative, 3) JR has filed for bankruptcy on February 28, 2003, thus, any debt owed by PREPA to JR would be considered as receivables of the stayed estate.

■ The Supreme Court of Puerto Rico has held that Article 1489, furnishes a supplier of materials with a direct action against the owner of a project which is limited to recovery of the amount owed by the owner to the contractor at the moment of the claim. *See, American Surety Co., v. Tribunal Superior,* 97 D.P.R. 452, 455 (1969). Accordingly, a material supplier becomes the owner's creditor (and stops being the contractor's creditor) from the moment he makes his claim to the owner (be that a judicial or extrajudicial claim). See, *Edwin V. Goss, Inc. v. Dycrex Construction,* 141 D.P.R. 342, 350–359 (1996). The Court has also explained that a material supplier is protected from the contractor's bankruptcy if the claim to the owner was made prior to the bankruptcy filing. *Id.*

■ A careful review of the record reveals that Plaintiff Brand Scaffold became PREPA's creditor for any amount owed to JR since August 23, 2002 when Brand's Regional Manager, at the time, submitted a "Notice of [JR's] Non-payment" to PREPA.[2] (*See,* Docket No. 46 at Exhibit

---

1. In support of this argument PREPA claims to have only received one (1)of four (4) letters that Brand, allegedly sent to PREPA asserting an informal direct claim for the values of the materials supplied.

2. Defendant's claim that it only received a November 7, 2002 letter which does not reflect a proper Article 1489 is without merit. Said letter expressly makes reference to two other letters. Given the Defendant's failure to show good cause to set aside the entry of default, the Court will take as a proven fact that the August 23, 2002 letter was received by PREPA.

No. 1). Therefore, Brand is protected from JR's subsequent bankruptcy, and any payments that PREPA made to JR after August 23, 2002 must be considered as wrongfully made. *Id.* at 361.

■ With regard to set-offs, the Puerto Rico Supreme Court has explained that because an action under Article 1489 is an independent or direct action, and not a subrogation claim, the owner of the project may not set-off amounts against the material supplier that could have been set-off against the contractor. However, a set-off operation is not precluded if the reciprocal obligations are related to the contract in dispute. *Id.* at 352.

■ In light of the above, the Court finds that PREPA does not have a meritorious defense that could significantly change the outcome of the default judgment, as to PREPA's liability to plaintiff for the claim made under Article 1489. However, the amount found in the default judgment was based only on the amounts that JR owed to Brand, and not on any amount that PREPA owed JR. This result is not supported by Article 1489 law, and therefore, a limited discovery is warranted to ascertain the correct amount that PREPA owed JR from August 23, 2002 to January 27, 2003 when Brand asserted its last claim against PREPA for materials supplied to J.R.

Finally, upon consideration of the prejudice factor in our Rule 55(c) assessment, the Court observes that Plaintiff Brand Scaffold is at an advanced stage of its claim against the remaining defendant, and that setting aside the entry of default as well as the default judgment on the issue of liability would unreasonably delay the resolution of this case. Here, the achievement of finality in the litigation greatly outweighs the opportunity to reopen the full merits of the claim.

■ Assessing therefore, all of the "setting-aside" factors, the Court finds that they heavily weigh in favor of Plaintiff. Therefore, the Court will not allow the Defendant to re-litigate the merits of this action, except for the issue of the amount properly owed by PREPA to Brand.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** PREPA's motion but **SETS ASIDE** the Default Judgment as to the amount contained therein. PREPA may show through admissible evidence that the amount owed to Brand is different or less than the amount currently found in the Default Judgment. The parties may engage in limited discovery as to the proper calculation of the amount PREPA actually owes to Brand. Said discovery shall be completed during a period of forty five (45) days from the date of entry of this Opinion and Order. Thereafter, depending on the outcome, an amended default judgment shall be entered containing the correct amount.

IT IS SO ORDERED.